**Affirm in part; Reverse and Render in part; Opinion Filed August 27, 2013**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

## No. 05-12-00199-CV

**BOARD OF ADJUSTMENT OF THE CITY OF DALLAS, Appellant**

**V.**

**BILLINGSLEY FAMILY LIMITED PARTNERSHIP, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-14095-L**

## OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

This is an appeal from the trial court's judgment reversing a decision of the Board of Adjustment of the City of Dallas that upheld the revocation of a certificate of occupancy for an apartment complex owned by Billingsley Family Limited Partnership. The Board generally contends the trial court erred because it did not abuse its discretion in determining the certificate of occupancy was properly revoked. The Board also argues the evidence was legally and factually insufficient to support the trial court's award of costs to Billingsley. After reviewing the record of the Board hearing and the additional evidence admitted in the trial court, we conclude the trial court did not err in reversing the Board's decision. But we also conclude that trial court improperly assessed costs against the Board because there was no evidence to support the trial court's finding that the Board acted with gross negligence, in bad faith, or with malice. We therefore affirm the trial court's judgment in part and reverse it in part.

# I. FACTUAL BACKGROUND

This is the second lawsuit and appeal ("*Billingsley II*") involving an ongoing dispute about Billingsley's operation and use of a multifamily dwelling originally consisting of twenty-four apartments on Gaston Avenue in Dallas, Texas.

## A. Billingsley I—*Initial Trial Court Rulings*

In 2007, the City notified Billingsley that it was operating the complex as a residential hotel in violation of the city code. Billingsley filed a lawsuit seeking, among other things, a judgment declaring that it was not operating a residential hotel and requesting an injunction preventing the City from revoking its certificate of occupancy. *See City of Dallas v. Billingsley Family Ltd. P'ship*, 358 S.W.3d 457 (Tex. App.—Dallas 2012, no pet.) ("*Billingsley I*"). The City filed a counterclaim in *Billingsley I* for code and zoning violations. Among the violations alleged by the City in its counterclaim was Billingsley's "failure to obtain and properly display a valid Certificate of Occupancy in violation of Sections 51A-1.104 (a)(1). The office does not have a valid Certificate of Occupancy displayed because [Billingsley] has not converted back to a multifamily use and is currently operating inconsistently with the CO . . . ."

In November 2009, the trial court granted a partial summary judgment in favor of the City ordering a permanent injunction be issued enjoining Billingsley from operating the structure as a residential hotel and directing Billingsley to apply for and obtain a new certificate of occupancy. The matter then proceeded to trial on the City's request for civil penalties. After a trial without a jury, the trial court signed a "Final Judgment" on June 4, 2010 vacating its November 2009 order and granting the City an injunction ordering Billingsley to cease operation as a residential hotel.

***B.  Billinglsey II—****Initial Administrative Proceedings*

On July 8, 2010, while *Billingsley I* was pending, a City building official revoked Billingsley's certificate of occupancy because the property had been operated as residential hotel. The building official's July 8 letter to Billingsley referenced the trial court's vacated November 2009 ruling that appellee was operating a residential hotel and also cited the city code provisions stating a certificate of occupancy shall be revoked if it is issued based on false information, incomplete or incorrect information, or if the use authorized by the certificate of occupancy has been discontinued for six months or more. *See* Dallas, Tex., City Code, § 52-306.13. Billingsley appealed the building official's revocation to the Board. It also filed a motion to modify the trial court's June 4 final judgment in *Billingsley I*.

***C.  Billingsley I—****Final Trial Court Judgment*

On August 12, 2010, the trial court vacated its June 4 judgment in *Billingsley I* and rendered a "First Amended Final Judgment" that both parties take nothing by their claims.

***D.  Billingsley II—****Final Administrative Proceeding*

About two months later, on October 18, 2010, the Board held a hearing in *Billingsley II* to address Billingsley's appeal of the revocation of its certificate of occupancy. Among other things, Billingsley asserted the trial court's final judgment in *Billingsley I* precluded the revocation of its certificate of occupancy on the bases asserted by the building official. At the conclusion of the hearing, the Board affirmed the revocation of Billingsley's certification of occupancy.

***E.  Billingsley I—****Appeal*

The City appealed the trial court's August 12 amended final judgment in *Billingsley I*. The City challenged the legal and factual sufficiency of the evidence supporting the trial court's

adverse judgment and asserted the trial court abused its discretion in denying its request to enjoin Billingsley's use of the property as a residential hotel. *See Billingsley I*, 358 S.W.3d at 458. We affirmed the trial court's judgment. *See id.* at 461–62.

### F. Billingsley II—*Trial Court Judgment and Commencement of Appeal*

By filing a petition for writ of certiorari in *Billingsley II*, Billingsley sought review of the Board's decision in the same district court that had presided over *Billingsley I*. After granting the writ of certiorari, reviewing the Board's verified return, and taking additional evidence, the trial court reversed the Board's decision and reinstated Billingsley's certificate of occupancy. It is from that judgment that the Board now appeals.

## II. ANALYSIS

### A. Standard of Review

In its first and second issues, the Board generally contends that the trial court erred in determining that the Board abused its discretion in upholding the revocation of Billingsley's certificate of occupancy. Upon application for a writ of certiorari, the legality of the Board's ruling is subject to review by a district court. *See City of Dallas v. Vanesko*, 189 S.W.3d 769, 771 (Tex. 2006). In such a proceeding, the Board's determination is presumed legal and the party challenging the decision has the burden of demonstrating its illegality by presenting a clear showing of an abuse of discretion. *Id.* A clear abuse of discretion occurs where the Board acts without reference to any guiding rules and principles or clearly fails to analyze or apply the law correctly. *Id.* In deciding whether the Board abused its discretion, the district court considers the Board's verified return along with any additional evidence necessary for proper disposition of the matter. TEX. LOC. GOV'T CODE ANN. § 211.011(d)&(e) (West 2008); *Ferris v. City of Austin*, 150 S.W.3d 514, 520 (Tex. App.—Austin 2004, no pet.). The abuse-of-discretion review is necessarily less deferential when considering any legal conclusions made by the Board. *See*

–4–

*Vanesko*, 189 S.W.3d at 171. Our review of the trial court's judgment regarding the Board's ruling is de novo. *See City of Alamo Heights v. Boyar,* 158 S.W.3d 545, 549 (Tex. App.—San Antonio 2005, no pet.).

### B. Res Judicata

At the Board hearing and in the trial court, Billingsley argued, among other things, the Board could not uphold the revocation of the certificate of occupancy because revocation of the certificate of occupancy on the grounds advanced were precluded by the trial court's judgment in *Billingsley I.* The doctrine of res judicata precludes litigants and parties in privity with the litigants from retrying a claim that has been finally adjudicated by a competent tribunal.[1] *See Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206–07 (Tex. 1999). As relevant here, res judicata also precludes claims and defenses that, through due diligence, should have been litigated in the prior lawsuit but were not. *Id*. at 207. In *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992), the Texas Supreme Court adopted the transactional approach to res judicata, stating that claims involving the same subject matter should be litigated in the same lawsuit. *Id*. at 630. To determine what constitutes the subject matter of a suit, we look at the factual bases of the claims in the prior litigation and analyze the factual matters that make up the gist of the complaint, without regard to the form of action. *Id*. By preventing causes of action from being split into different lawsuits, the doctrine promotes judicial economy and curbs vexatious litigation. *Id*. In *Barr*, res judicata was applied where issues in two claims formed a convenient trial unit and a separate lawsuit for each would require significant duplication of effort of the court and the parties involved. *Id*. at 631.

---

[1] Billingsley asserts the City and Board are in privity for purposes of res judicata. The Board does not contend otherwise.

The Board makes three arguments disputing Billingsley's reliance on res judicata as a basis for upholding the trial court's judgment. First, it argues Billingsley failed to present sufficient evidence to support a claim of res judicata because although it presented the trial court's August 12 judgment in *Billingsley I* at the Board hearing, it did not introduce the sworn or certified pleadings from the prior lawsuit. Second, the Board argues that the judgment in *Billingsley I* was not yet final at the time of the Board hearing because there was a motion for new trial pending in the trial court. Third, the Board argues that even with proper evidence of the judgment and pleadings in the prior lawsuit, res judicata does not apply because the trial court expressly denied Billingsley's request for injunctive relief to prevent the City from revoking its certificate of occupancy thus expressly reserving that issue for determination in a subsequent proceeding.[2]

We first address the Board's argument that res judicata could not support the trial court's judgment because sworn or certified copies of the pleadings of *Billingsley I* were not in the record of the Board hearing. Section 211.011(e) of the local government code expressly allows the trial court to take additional evidence if "necessary for the proper disposition of the matter." TEX. LOC. GOV'T CODE ANN. § 211.011(e). The Board concedes that the *Billingsley I* pleadings were admitted into evidence in *Billingsley II* before the trial court reversed the Board's determination. The Board does not contend it was improper for the trial court to take additional evidence. Further, the Board did not object to the trial court's admission and consideration of the *Billingsley I* pleadings.

---

[2] For the first time in "Appellant's Reply to Appellee's Post-Submission Brief," the Board argues a fourth reason res judicata does not apply to its decision, because the trial court in *Billingsley I* lacked jurisdiction to revoke the certificate of occupancy. More specifically the Board argues that revocation of a certificate of occupancy is an administrative proceeding that must be exhausted before a district court can acquire jurisdiction over such a claim. Rule 38.3 permits a reply brief to address "any matter in the appellee's brief." TEX. R. APP. P. 38.3. The Board may not use their reply brief to raise a new issue. *See Dallas Cnty. v. Gonzales*, 183 S.W.3d 94, 104 (Tex. App.—Dallas 2006, pet. denied). For this reason, we do not reach several questions necessary to determine whether the trial court in *Billingsley I* had jurisdiction to revoke the certificate of occupancy.

The Board's argument regarding the finality of the judgment in *Billingsley I* similarly fails. Although there was a motion for new trial pending in *Billingsley I* at the time of the Board's hearing, it is undisputed that the judgment was final for purposes of res judicata at the time the trial court admitted it into evidence. *See Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) (for res judicata, judgment is final once trial court loses plenary jurisdiction). The Board has cited no legal authority, and we have found none, that would preclude the trial court's consideration of the final judgment in *Billingsley I* for res judicata purposes under these circumstances. Although we do not consider the operation of law to be a fact, the trial court could consider further evidence as necessary. *See* TEX. LOC. GOV'T CODE ANN. § 211.011(e).

The Board next argues its decision was not barred by res judicata because the judgment in *Billingsley I* expressly denied Billingsley's request for injunctive relief to prevent the City from revoking its certificate of occupancy. The mere denial of Billingsley's request for injunctive relief, however, is not dispositive for purposes of res judicata. As noted above, res judicata precludes a subsequent action by the parties and their privies not only on the claims actually raised, but also those claims which arise out of the same subject matter and which might have been litigated in the prior suit. *See Barr*, 837 S.W.2d at 630 (quoting *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979)). To determine the subject matter of a suit we examine the factual basis for the claims in the prior suit and analyze the factual matters that make up the gist of the complaint, without regard to the form of action. *Id*. Any claim that arises out of those same facts should be litigated in the same lawsuit. *Id*.

As revealed by the pleadings and judgment, the primary focus of *Billingsley I* was whether Billingsley would be able to continue to operate under its certificate of occupancy for a 24-unit multifamily use in light of the City's allegations that for years Billingsley had been operating a residential hotel. Billingsley asserted its use of the premises conformed to its

certificate of occupancy and applicable zoning laws, but the City disputed this contention and sought injunctive relief to prevent Billingsley's use of the property under the existing certificate of occupancy. *See Billingsley I*, 358 S.W.3d at 461 (some of City's contentions in *Billingsley I* pursuant to section 211.012(c) seeking to enjoin the Billingsley's continued use of the certificate of occupancy). Although it was later vacated, the trial court granted a partial summary judgment in favor of the City in November 2009 ordering that an injunction issue enjoining Billingsley from operating the premises as a residential hotel and commanding Billingsley to apply for and obtain a new certificate of occupancy. The vacated order is cited in the building official's July 8 letter revoking Billingsley's certificate of occupancy. Many of the same facts were relevant to both proceedings, the issues involved in both proceedings formed a convenient trial unit, and separate proceedings would require significant duplication of effort. *See Barr,* 837 S.W.2d at 631. Because the revocation proceeding in *Billingsley II* was based on Billingsley's use of the property as a residential hotel, it arose out of the same subject matter as *Billingsley I* and, with due diligence could have been litigated there. It is barred by res judicata.

Because res judicata bars relitigation in *Billingsley II* of the facts and issues that were or could have been litigated in *Billingsley I* which includes revocation of the certificate of occupancy, the trial court did not err in concluding the Board abused its discretion in upholding the revocation of Billingsley's certification of occupancy based on the property's alleged use as a residential hotel. We resolve the Board's first and second issues against it without reaching the remainder of its arguments.

*C. Award of Costs*

In its third issue, the Board challenges the trial court's order awarding costs to Billingsley. The Board asserts there was legally and factually insufficient evidence to support such an award.[3] We agree.

A trial court may assess costs against a board only if the court determines that the board acted with gross negligence, in bad faith, or with malice in making its decision. TEX. LOC. GOV'T CODE ANN. § 211.011(f) (West 2008). Because gross negligence, bad faith, and malice are not defined in the statute, we give the undefined statutory terms their ordinary meaning. *See Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). Gross negligence, bad faith, and malice generally suggest either an improper motive or a willful ignorance of facts. Among other things, gross negligence typically requires evidence of such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety, or welfare of the person affected. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(11) (West 2008). A finding of malice normally requires evidence of a specific intent to cause substantial injury or harm to the claimant. *See id*. at §41.001(7). Likewise, bad faith has been defined as the conscious doing of a wrong for a dishonest, discriminatory, or malicious purpose. *See Robson v. Gilbreath*, 267 S.W.3d 401, 407 (Tex. App.—Austin 2008, pet. denied).

Billingsley argues that the Board's disregard of the preclusive effect of the trial court's prior judgment in *Billingsley I* combined with its reliance on the same trial court's vacated interlocutory summary judgment supports the award of costs against the Board. Billingsley ignores the fact that the Board did not have certified copies of the pleadings in *Billingsley I* with

---

[3] Although the trial court's order contains "findings" that the Board acted with gross negligence, in bad faith, or with malice in making its decision, these findings do not constitute true findings of fact because they were not separately filed as required by Rule 299a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 299a.

which to assess Billingsley's res judicata argument in *Billingsley II*. The absence of such necessary evidence before the Board negates any basis for the trial court's award of costs against the Board. Because there was no evidence to support a trial court finding of gross negligence, bad faith, or malice on the part of the Board, it was error for the trial court to award costs to Billingsley. We resolve the Board's third issue in its favor.

### III. CONCLUSION

We reverse that part of the trial court's judgment awarding costs to Billingsley. We affirm the trial court's judgment in all other respects.

/David Evans/

DAVID EVANS
120199F.P05                                     JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BOARD OF ADJUSTMENT OF THE
CITY OF DALLAS, Appellant

No. 05-12-00199-CV          V.

BILLINGSLEY FAMILY LIMITED
PARTNERSHIP, Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-14095-L.
Opinion delivered by Justice Evans.
Justices Lang and Myers participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment awarding costs to Billingsley Family Limited Partnership and **RENDER** judgment that Billingsley Family Limited Partnership take nothing on its claim for costs. In all other respects, the trial court's judgment is **AFFIRMED**.

      It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered this 27th day of August, 2013.


/David  Evans/
DAVID EVANS
JUSTICE