**Affirmed and Opinion Filed July 2, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00448-CV

### CECILIA KONTOH AND MERCY QUACHIE, Appellants
### V.
### HELENA SAFO, INDIVIDUALLY AS SUCCESSOR TRUSTEE OF ADELLE SAFO, TEDDY SAFO, AND MYRA SAFO TRUSTS, Appellee

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-07030**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Lang

Cecilia Kontoh and Mercy Quachie filed a bill of review seeking to set aside a default judgment rendered against them and in favor of Helena Safo, individually and as successor Trustee of the Adelle Safo, Teddy Safo, and Myra Safo Trusts. Kontoh and Quachie nonsuited their bill of review action. Then, Safo filed a motion for the determination of attorneys' fees. The trial court granted that motion and awarded Safo attorneys' fees. Kontoh and Quachie appeal the trial court's order awarding attorneys' fees.

Kontoh and Quachie raise one issue on appeal, arguing the trial court erred when it granted Safo's request for attorneys' fees. We conclude the trial court did not err. The trial court's order is affirmed.

# I. PROCEDURAL CONTEXT

The record for the underlying lawsuit where a default judgment was rendered against Kontoh and Quachie was not filed with this Court in this appeal. The following procedural context is based on the pleadings, evidence, and attorney arguments in the bill of review proceeding.

On September 24, 2014, Safo filed suit against Kontoh and Quachie alleging claims for declaratory judgment and breach of contract, and requesting attorneys' fees. On December 24, 2014, Kontoh and Quachie were served by citation. Kontoh and Quachie failed to appear or file an answer to the lawsuit. On January 29, 2015, Safo filed a motion for default judgment and on June 4, 2015, the trial court signed a default judgment against Kontoh and Quachie, awarding Safo damages and attorneys' fees. On July 1, 2015, Kontoh and Quachie filed a motion for new trial, which the trial court denied on September 16, 2015.

On June 10, 2016, Kontoh and Quachie filed a petition for a bill of review. On July 5, 2016, Safo filed an answer generally denying the allegations, asserting affirmative defenses, and requesting attorneys' fees. On November 7, 2016, Kontoh and Quachie filed their second amended petition for bill of review, the live pleading in this case. On February 22, 2017, Safo filed a motion for traditional and no evidence summary judgment on Kontoh and Quachie's petition for a bill of review. Kontoh and Quachie did not file a reply to Safo's motion for summary judgment.[1] On March 24, 2017, approximately fifteen to twenty minutes before the hearing on Safo's motion for summary judgment, Kontoh and Quachie filed a notice of nonsuit of their bill of review without prejudice. On March 27, 2017, the trial court signed an order granting Kontoh and Quachie's notice of nonsuit without prejudice that stated "[t]his order is final as to all claims and all parties."

---

[1] In their brief on appeal, Kontoh and Quachie concede that "[n]o reply to [Safo's] motion for summary judgment was filed because it was always [their] plan to non-suit [sic] the case and to fight it in another fashion."

On March 29, 2017, Safo filed a motion for determination of attorneys' fees and costs. Safo argued that pursuant to Texas Rule of Civil Procedure 162, the nonsuit did not have any effect on her request for attorneys' fees, which was pending at the time of dismissal. After a hearing on Safo's motion for the determination of attorneys' fees and costs, the trial court signed an order finding Kontoh and Quachie's nonsuit was taken to avoid an unfavorable decision on the merits,[2] deeming Safo the prevailing party, and awarding Safo attorneys' fees.

## II. ATTORNEYS' FEES AFTER NONSUIT

In their sole issue, Kontoh and Quachie argue the trial court erred when it granted Safo's request for attorneys' fees. They claim that Safo was not entitled to attorneys' fees because: (1) her request appeared in the prayer of her general denial to the petition for a bill of review without any mention to a contract or statute; (2) at the time of the nonsuit, Safo had no pending claims seeking affirmative relief, pending motions for sanctions, or pending motions for attorneys' fees; and (3) their nonsuit does not allow for a prevailing party and only a prevailing party may recover attorneys' fees. Safo responds that a defendant in a bill of review can recover fees in defending the bill if the defendant was entitled to recover fees in the underlying litigation. Also, she contends that she properly pleaded her demand for attorneys' fees in her initial answer and reasserted her request in her motion for traditional and no-evidence summary judgment. Further, Safo contends that she was the prevailing party in the bill of review because the trial court found that the nonsuit was taken specifically to avoid an unfavorable judgment.

### A. Standard of Review

The availability of attorneys' fees under a particular statute is a question of law for the court, which is reviewed do novo. *See BBP Sub I L.P. v. Di Tucci*, No. 05-12-01523-CV, 2014

---

[2] Findings contained in a judgment do not meet the requirements of Texas Rule of Civil Procedure 299a and do not control the outcome of the case. TEX. R. CIV. P. 299a; *see, e.g.*, *Bd. of Adjustment of City of Dallas v. Billingsley Family Ltd. P'ship*, 442 S.W.3d 471, 477 n.3 (Tex. App.—Dallas 2013, no pet.).

WL 3743669, at *2 (Tex. App.—Dallas July 29, 2014, no pet.) (mem. op.). However, a trial court's ruling on a motion to modify the judgment is reviewed for an abuse of discretion. *See Cardiovascular Provider Resources, Inc. v. Gottlich*, No. 05-13-01763-CV, 2015 WL 4914725, at *4 (Tex. App.—Dallas Aug. 18, 2015, pet. denied) (mem. op.) (construing motion seeking award of attorneys' fees as motion to modify judgment because party did not file motion until after judgment denying it an award of attorneys' fees, which is reviewed for abuse of discretion).

### B. Applicable Law

A bill of review is an equitable action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *See, e.g., PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012); *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). A party who successfully defends a bill of review is entitled to recover attorneys' fees in the bill of review proceeding if attorneys' fees were authorized in the prosecution or defense of the underlying case. *See Meece v. Moerbe*, 631 S.W.2d 729, 730 (Tex. 1982); *John A. Broderick, Inc. v. Kaye Bassman Int'l Corp.*, 333 S.W.3d 895, 906 (Tex. App.—Dallas 2011, no pet.); *Bakali v. Bakali*, 830 S.W.2d 251, 257 (Tex. App.—Dallas 1992, no writ).

In Texas, plaintiffs may nonsuit at any time before introducing all of their evidence other than rebuttal evidence. TEX. R. CIV. P. 162; *see Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011); *Gottlich*, 2015 WL 4914725, at *4; *BBP Sub I*, 2014 WL 3743669, at *2. No court order is required for the nonsuit to be effective. *See Epps*, 351 S.W.3d at 868; *Gottlich*, 2015 WL 4914725, at *4. A nonsuit terminates a case from the moment the motion is filed. *See Epps*, 351 S.W.3d at 868; *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). At the same time, a nonsuit does not affect any pending claim for affirmative relief or motion for attorneys' fees. TEX. R. CIV. P. 162; *see Epps*, 351 S.W.3d at 868.

A defendant is a prevailing party when a plaintiff nonsuits a case with prejudice. *See Epps*, 351 S.W.3d at 869. Generally, a defendant is not considered a prevailing party when the plaintiff nonsuits a claim without prejudice. *See Epps*, 351 S.W.3d at 869; *BBP Sub I*, 2014 WL 3743669, at *3. However, a defendant may be a prevailing party when a plaintiff nonsuits without prejudice, if, on the defendant's motion, the trial court determines the nonsuit was taken to avoid an unfavorable ruling on the merits. *See Epps*, 351 S.W.3d at 869; *Gottlich*, 2015 WL 4914725, at *5; *BBP Sub I*, 2014 WL 3743669, at *3. Nonsuits filed to circumvent unfavorable legal restrictions or rulings are disfavored. *See Epps*, 351 S.W.3d at 869; *BBP Sub I*, 2014 WL 3743669, at *3. When determining whether a nonsuit was taken to avoid an unfavorable ruling, courts place great weight on the fact that a plaintiff's nonsuit has followed on the heels of a defendant's potentially dispositive motion. *See Epps*, 351 S.W.3d at 869 (noting tendency of federal courts); *BBP Sub I*, 2014 WL 3743669, at *3.

## C. Application of the Law to the Facts

As a preliminary matter, we must determine the nature of Safo's motion for the determination of attorneys' fees and costs. The trial court's March 27, 2017 order granting Kontoh and Quachie's notice of nonsuit expressly stated "[t]his order is final as to all claims and all parties," making it a final judgment. *See, e.g., Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (language of order can make it final if it expressly disposes of all claims and all parties). Although Safo requested attorneys' fees in her answer, the trial court's order granting the nonsuit effectively denied this request. Accordingly, we construe Safo's subsequent motion seeking a determination of attorneys' fees and costs as a motion to modify the judgment. *See Gottlich*, 2015 WL 4914725, at *4 (construing motion seeking award of attorneys' fees as motion to modify judgment because party did not file motion until after judgment denying it an award of

attorneys'' fees, which is reviewed for abuse of discretion).  As a result, we apply an abuse of discretion standard of review.

To be entitled to attorneys' fees in the bill of review proceedings, Safo was required to file a motion demonstrating that: (1) attorneys' fees were authorized in Safo's prosecution of her claims in the underlying litigation; and (2) she was the prevailing party because Kontoh and Quachie nonsuited their bill of review without prejudice to avoid an unfavorable ruling on the merits.  *See Epps*, 351 S.W.3d at 870; *Meece*, 631 S.W.2d at 730.  First, the parties do not dispute that Safo obtained a default judgment against Kontoh and Quachie on her claims for a declaratory judgment and breach of contract.  Under sections 38.001 and 37.009 of the Texas Civil Practice and Remedies Code, the trial court was authorized to award Safo attorneys' fees in the underlying litigation.  TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.009 (declaratory judgment) and 38.001 (breach of contract) (West 2015).  Further, in the bill of review proceedings, Safo filed an answer and requested attorneys' fees in her prayer for relief.  Also, in her motion for traditional and no-evidence summary judgment, Safo again sought her attorneys' fees and attached evidence in support of her request.

Second, Kontoh and Quachie did not file a response to Safo's motion for traditional and no-evidence summary judgment.  The trial court was required to grant the no-evidence portion of the summary judgment motion, unless Kontoh and Quachie produced summary judgment evidence raising a genuine issue of material fact.  See TEX. R. CIV. P. 166a(i); *Sharp v. Woodridge Invs. L.P.*, No. 05-16-01210-CV, 2018 WL 1008021, at *1 (Tex. App.—Dallas Feb. 22, 2018, no pet.) (mem. op.).  Nevertheless, approximately fifteen to twenty minutes before the hearing on Safo's motion for summary judgment, Kontoh and Quachie filed a notice of nonsuit of their bill of review without prejudice.  *See Epps*, 351 S.W.3d at 869 (noting great weight placed on fact that plaintiff's nonsuit has followed on heels of defendant's potentially dispositive motion); *BBP Sub I*, 2014 WL

3743669, at \*3 (same).  Nonsuits filed to circumvent unfavorable legal restrictions or rulings are disfavored.  *See Epps*, 351 S.W.3d at 869; *BBP Sub I*, 2014 WL 3743669, at \*3.

We conclude the trial court did not err when it awarded Safo attorneys' fees in the bill of review proceeding.  Kontoh and Quachie's sole issue on appeal is decided against them.

## III.  CONCLUSION

The trial court did not err when it granted Safo's request for attorneys' fees.

The trial court's order granting Safo's motion for the determination of attorneys' fees is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

170448F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CECILIA KONTOH AND MERCY
QUACHIE, Appellants

No. 05-17-00448-CV      V.

HELENA SAFO, INDIVIDUALLY AS
SUCCESSOR TRUSTEE OF ADELLE
SAFO, TEDDY SAFO, AND MYRA
SAFO TRUSTS, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-07030.
Opinion delivered by Justice Lang. Justices
Fillmore and Schenck participating.

In accordance with this Court's opinion of this date, the trial court's order awarding attorneys' fees is **AFFIRMED**.

It is **ORDERED** that appellee HELENA SAFO, INDIVIDUALLY AS SUCCESSOR TRUSTEE OF ADELLE SAFO, TEDDY SAFO, AND MYRA SAFO TRUSTS recover her costs of this appeal from appellants CECILIA KONTOH AND MERCY QUACHIE.

Judgment entered this 2nd day of July, 2018.