Justice LEHRMANN
delivered the opinion of the Court,
in which Chief Justice JEFFERSON, Justice WAINWRIGHT, Justice GREEN, Justice WILLETT, and Justice GUZMAN joined.
Two years ago, we held that a plaintiff who obtained favorable jury findings but no damages was not entitled to attorney’s fees under contractual language entitling a prevailing party to such fees. Intercont’l Group P’ship v. KB Home Lone Star L.P., 295 S.W.3d 650, 652 (Tex.2009). Today, we consider whether a defendant is a prevailing party entitled to attorney’s fees when the plaintiff nonsuits a claim without prejudice. We hold that such a defendant is not a prevailing party unless the court determines, on the defendant’s motion, that the plaintiff took the nonsuit in order to avoid an unfavorable judgment. We also hold that, because a nonsuit with prejudice immediately alters the legal relationship between the parties by its res judicata effect, a defendant prevails when the plaintiff nonsuits with prejudice. Because the trial court has not had the opportunity to determine whether the plaintiff nonsuited in order to avoid an unfavorable judgment, we reverse the court of appeals’ judgment and remand the defendant’s claim for attorney’s fees under the contract to the trial court. Finally, we hold that the court of appeals erred by not remanding the case to allow the trial court to dispose of the Eppses’ pending claim for sanctions under chapter 10 of the Civil Practice and Remedies Code, and accordingly remand for the trial court to dispose of that alternative claim if it determines that fees are not available under the contract.
I. Background
In 2004, Bruce and Stephanie Fowler purchased a house in Georgetown, Texas, from Laura and Christopher Epps. Two years later, the Fowlers allegedly discovered cracks in the house’s sheetrock and evidence of past repairs. They concluded that the foundation was failing, and sued the Eppses for violations of the Deceptive Trade Practices Act, fraud, and negligent misrepresentation. The Fowlers claimed *865 that the Eppses were aware of problems with the house’s foundation and failed to disclose them at the time of the sale. The Eppses denied having knowledge of any defects in the foundation. They sought their attorney’s fees as sanctions under Chapter 10 of the Civil Practice and Remedies Code on the ground that the Fowlers’ claims were legally and factually groundless. Alternatively, they sought attorney’s fees under section 17 of the earnest money contract signed by the parties, which provides that “[t]he prevailing party in any legal proceeding related to the contract is entitled to recover reasonable attorney’s fees and all costs of such proceeding incurred by the prevailing party.”[1] The contract does not define the term “prevailing party.”
According to the Eppses, the Fowlers failed to respond to discovery, including the Eppses’ requests for admissions, and cancelled or postponed a number of depositions.[2] The Eppses moved for partial summary judgment, and the Fowlers responded with an expert report attached. The same day they filed their summary judgment response, the Fowlers filed a motion to substitute counsel, which was granted. The next day, the Fowlers’ newly retained counsel filed a notice of nonsuit without prejudice. The parties proceeded to trial on the Eppses’ contractual attorney’s fees issue. At the trial, the Eppses expressly reserved their claim for fees as sanctions under Chapter 10.
Rather than dismissing the Fowlers’ claims, the trial court rendered judgment that they take nothing and ordered that the Fowlers pay the Eppses’ attorney’s fees of $22,950. The judgment provided that “[a]ny relief not granted herein is expressly denied.” The Fowlers appealed. The court of appeals modified the judgment to reflect that the Fowlers’ claims were dismissed without prejudice. 352 S.W.3d 1, 6. It also reversed the portion of the judgment ordering that the Fowlers pay attorney’s fees, reasoning that a favorable decision on the merits of a case is necessary to confer prevailing party status on a litigant. 352 S.W.3d at 6-7. We granted the Eppses’ petition for review to decide whether a defendant is a prevailing party when the plaintiff voluntarily non-suits without prejudice. 54 Tex.Sup.Ct.J. 428 (Jan. 11, 2011).
II. Prevailing Party
Texas adheres to the American Rule with respect to attorney’s fees. KB Home, 295 S.W.3d at 653. Under that rule, litigants may recover attorney’s fees only if specifically provided for by statute or contract. Id. (citing MBM Fin. Corp. v. Woodlands Operating Co., 292 S.W.3d 660, 669 (Tex.2009)). Thus, we must determine if the contract between the Fowl-ers and the Eppses authorized the trial court’s award of fees in this case to the Eppses because they “prevailed.”
Our primary concern when we construe a written contract is to ascertain the parties’ true intent as expressed in the contract. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 662, (Tex.2005) (citing J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex.2003); Gulf Ins. Co. v. Burns Motors, Inc., 22 S.W.3d 417, 423 (Tex.2000); Coker v. Coker, 650 S.W.2d 391, 393 (Tex.1983)). We may look to the entire agreement in an effort to give each *866 part meaning. Coker, 650 S.W.2d at 393. In this instance, the agreement does not expressly define the term prevailing party, and no other portion of the agreement sheds light on the term’s meaning. When a contract leaves a term undefined, we presume that the parties intended its plain, generally accepted meaning. Valence Operating Co., 164 S.W.3d at 662; KB Home, 295 S.W.3d at 653. Accordingly, we give the term its ordinary meaning. Often, we consult dictionaries to discern the natural meaning of a common-usage term not defined by contract, statute, or regulation. See Reyes v. City of Laredo, 335 S.W.3d 605, 607 (Tex.2010); Albertson’s, Inc. v. Sinclair, 984 S.W.2d 958, 960 (Tex.1999); Guardian Life Ins. Co. of Am. v. Scott, 405 S.W.2d 64, 65 (Tex.1966). But in this case, as in our controlling KB Home decision, we are interpreting a legal-usage term within a form contract, a term that many courts (including us less than two years ago) have explicated by examining how prevailing party is used statutorily.[3]
In KB Home, we held that a plaintiff who obtained a jury finding that the defendant had breached its contract but was awarded no damages was not a prevailing party. 295 S.W.3d at 655. We reasoned
[wjhether a party prevails turns on whether the party prevails upon the court to award it something, either monetary or equitable. KB Home got nothing except a jury finding that Intercontinental violated the contract.... Nor do we perceive any manner in which the outcome materially altered the legal relationship between KB Home and Intercontinental.

Id.

A. Federal tests
As we did in KB Home[4] we find federal cases focusing on the meaning of prevailing party instructive.[5] In Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Supreme Court considered whether a plaintiff who received neither a favorable judgment nor a consent degree, but whose lawsuit nevertheless caused the defendant to voluntarily *867 change its conduct, was a prevailing party. The Court rejected the notion that a plaintiff whose lawsuit had served as the catalyst for a change in the defendant’s conduct should be considered a prevailing party entitled to attorney’s fees under the Fair Housing Act Amendments, 42 U.S.C. § 3613(c)(2), and the Americans with Disabilities Act, 42 U.S.C. § 12205, overruling several Circuit Court decisions. Id. at 601-02, 121 S.Ct. 1835 (citing Stanton v. S. Berkshire Reg’l Sch. Dist., 197 F.3d 574, 577, n. 2 (1st Cir.1999); Marbley v. Bane, 57 F.3d 224, 234 (2d Cir.1995); Baumgartner v. Harrisburg Housing Auth., 21 F.3d 541, 546-50 (3d Cir.1994); Payne v. Bd. of Educ., 88 F.3d 392, 397 (6th Cir.1996); Zinn v. Shalala, 35 F.3d 273, 276 (7th Cir.1994); Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist., # 1, 17 F.3d 260, 263 n. 2 (8th Cir.1994); Kilgour v. Pasadena, 53 F.3d 1007, 1010 (9th Cir. 1995); Beard v. Teska, 31 F.3d 942, 951-52 (10th Cir.1994); Morris v. West Palm Beach, 194 F.3d 1203, 1207 (11th Cir. 1999)). In reaching that conclusion, the Court noted that “enforceable judgments on the merits and court-ordered consent decrees create the ‘material alteration of the legal relationship of the parties’ necessary” to confer prevailing party status on the plaintiff. Id. at 604, 121 S.Ct. 1835 (quoting Tex. State Teachers Ass’n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). A voluntary change in the defendant’s conduct, by contrast, lacked the requisite “judicial imprimatur” to confer prevailing party status oh the plaintiff. Id,, at 605,121 S.Ct. 1835.
While Buckhannon involved a plaintiff who claimed to have prevailed because of the defendant’s voluntary action, at least two Circuit Courts have applied its reasoning to defendants seeking attorney’s fees as a result of plaintiffs’ voluntary actions. In Claiborne v. Wisdom, the Seventh Circuit considered whether a defendant was a prevailing party after the plaintiff voluntarily moved to dismiss her claim. 414 F.3d 715 (7th Cir.2005). Exercising the discretion afforded it by Rule 41(a)(2) of the Federal Rules of Civil Procedure,[6] the district court dismissed the claim with prejudice. Id. at 717. The Seventh Circuit affirmed. Id. at 719. The order “effected] a material alteration of [the plaintiffs] legal relationship with the other parties, because it terminate[d] any claims [the plaintiff] may have had ... arising out of this set of operative facts”; because the claims were dismissed with prejudice, they would be barred by res judicata or claim preclusion. Id.
Similarly, the Federal Circuit has held that a defendant was a prevailing party after the plaintiff filed a “Declaration and Covenant Not to Sue” on the eve of trial. Highway Equip. Co. v. FECO, Ltd., 469 F.3d 1027, 1035-36 (Fed.Cir.2006). In response to the declaration, the district court dismissed the plaintiffs claims with prejudice. Id. The Federal Circuit concluded that the defendant could be considered a prevailing party. Id. The dismissal with prejudice, which extinguished the plaintiffs ability to sue again on its claims, had “the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties.” Id. at 1035.
*868 In a case predating Buckhannon, cited by both parties, the Fifth Circuit considered whether a defendant was a prevailing party after the plaintiff voluntarily non-suited his case with prejudice. Dean v. Riser, 240 F.3d 505 (5th Cir.2001). The court held that a defendant is not a prevailing party under section 1988 of the Civil Rights Act unless the defendant can establish that the plaintiff dismissed in order to escape an unfavorable judgment on the merits. Id. at 511. The Fifth Circuit rejected the idea that the mere fact of dismissal, even with prejudice, was sufficient to confer prevailing party status on a defendant. Id. at 512. The court observed that the decision to nonsuit may well reflect a legitimate litigation strategy that
reveals nothing about the merits of a plaintiffs case [and thus] does not warrant a conclusion that a defendant in such a case has prevailed....
... [A] plaintiff whose claim appeared meritorious at the onset may encounter various changes in his litigation posture during the unpredictable course of litigation. “Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation.”
Id. at 510 (quoting Christiansburg, 484 U.S. at 423, 98 S.Ct. 694). Thus, the federal courts have recognized that a defendant may be a prevailing party when the plaintiff nonsuits in two situations: when a suit is dismissed with prejudice, and when the nonsuit is taken to avoid an unfavorable merits decision.
B. Texas nonsuit law
In Texas, plaintiffs may nonsuit at any time before introducing all of their evidence other than rebuttal evidence. Tex.R. Civ. P. 162. No court order is required. Id.; Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex.2010). A nonsuit terminates a case “from ‘the moment the motion is filed.’” Joachim, 315 S.W.3d at 862 (quoting Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98, 100 (Tex.2006) (per curiam)). At the same time, a nonsuit does not affect any pending claim for affirmative relief or motion for attorney’s fees or sanctions. Id. at 863; Tex.R. Civ. P. 162. When a case is non-suited without prejudice, res judicata does not bar relitigation of the same claims. Klein v. Dooley, 949 S.W.2d 307, 307 (Tex.1997).[7]
C. When does a nonsuit alter the parties’ legal relationship?
In KB Home, we held that a plaintiff who secured favorable jury findings but was awarded no damages was not a prevailing party because the plaintiff received no relief that materially altered the parties’ legal relationship; the plaintiffs victory was simply illusory. KB Home, 295 S.W.3d at 652. By comparison, we have no doubt that a defendant who is the beneficiary of a nonsuit with prejudice would be a prevailing party. As the Fifth Circuit has observed, a dismissal or non-suit with prejudice is “tantamount to a judgment on the merits.” Riser, 240 F.3d at 509. The res judicata effect of a non-suit with prejudice works a permanent, in-alterable change in the parties’ legal rela *869 tionship to the defendant’s benefit: the defendant can never again be sued by the plaintiff or its privies for claims arising out of the same subject matter. Joachim, 315 S.W.3d at 862 (citing Gracia v. RC Cola-7-Up Bottling Co., 667 S.W.2d 517, 519 (Tex.1984)). As such, we hold that a defendant is a prevailing party when a plaintiff nonsuits a case with prejudice.
In contrast, a nonsuit without prejudice works no such change in the parties’ legal relationship; typically, the plaintiff remains free to re-file the same claims seeking the same relief. Klein, 949 S.W.2d at B07.[8] Like the plaintiff in KB Home, the Eppses did not prevail upon the court to award them anything, either monetary or equitable. Moreover, we doubt that the parties to this agreement intended that there could be more than one prevailing party. But construing the agreement to apply to a plaintiff who nonsuits without prejudice could potentially result in just that, as the Eppses’ counsel acknowledged in oral argument: after the defendant is awarded attorney fees in an initial action, the plaintiff could simply re-file the exact same claims, litigate them to a favorable judgment, and thus also become a prevailing party. Further, for us to determine that a defendant prevails within the meaning of the parties’ agreement any time a plaintiff nonsuits without prejudice would require us to conclude that they sought to discourage all nonsuits.[9] As the Fifth Circuit noted, imposing attorney’s fees on plaintiffs who take nonsuits regardless of the reason for or effect of the nonsuit “would penalize the plaintiff for doing precisely what should be done” and actually encourage plaintiffs to pursue claims that should be abandoned. Riser, 240 F.3d at 510. In construing the parties’ agreement, it is reasonable to presume that they did not intend to encourage continued litigation of weak claims. But if, as the dissent suggests, any nonsuit will result in an award of attorney fees to the defendant, then a plaintiff may have the incentive to roll the dice and hope for a favorable judgment rather than accept an inevitable judgment for attorney’s fees.
At the same time, it is logical to conclude that the parties intended to award attorney’s fees to compensate the defendant when the plaintiff knowingly pursues a baseless action. It makes sense to conclude that the parties would have sought to “discourage the litigation of frivolous, unreasonable, or groundless claims” when a “calculating plaintiff ... voluntarily -withdraws his complaint ‘to escape a disfavorable judicial determination on the merits.’ ” Id. (quoting Marquart v. Lodge 837, Int’l Ass’n of Machinists and Aerospace Workers, 26 F.3d 842, 852 (8th Cir. *870 1994)). That construction is consistent with the disfavor our cases have displayed toward nonsuits that are filed to circumvent unfavorable legal restrictions or rulings. See, e.g., In re Team Rocket, L.P., 256 S.W.3d 257, 260 (Tex.2008); In re Bennett, 960 S.W.2d 35, 36 (Tex.1997); Hyundai Motor Co. v. Alvarado, 892 S.W.2d 853, 854 (Tex.1995). Accordingly, in accord with Riser, we hold that a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant’s motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits.
The definition the Eppses propose — that a defendant prevails any time the plaintiff nonsuits — at first blush appears to promise simplicity of application. But the mere availability of fees, in itself, will almost inevitably expand the issues that must be resolved in a lawsuit. The amount and reasonableness of the fees will likely be the subject of continuing litigation, no matter how prevailing party is defined. And, while a bright-line definition under which a defendant never prevails when a nonsuit is without prejudice would reduce the triable issues, it would enhance the possibility that plaintiffs who pursue frivolous claims suffer no consequences and fail to reward defendants whose efforts cause their opponents to yield the playing field. Our review of federal district court decisions within the Fifth Circuit suggests that Riser’s prevailing party test has not spawned a large amount of satellite litigation. In the decade since Riser was decided, only a bare handful of cases have focused on whether a defendant is a prevailing party under that case. See, e.g., Banes v. Sanchez, NO. 3:07-CV-01184-M, 2011 WL 1831602, at *2 (N.D.Tex. May 10, 2011); Hilbon v. Klein Indep. Sch. Dist., NO. H-09-840, 2010 WL 1463472, at *2 (S.D.Tex. Apr. 12, 2010); Fox v. Vice, NO. 2:06-CV-135, 2008 WL 4386880, at *3 (W.D.La. Sept. 22, 2008), aff'd, 594 F.3d 423 (5th Cir.2010), vacated on other grounds, — U.S. -, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011); Butler v. MBNA Tech., Inc., NO. 3:02-CV-1715-H, 2004 WL 389101, at *5 (N.D.Tex. Mar. 1, 2004). Moreover, the cases suggest that the determination has been made largely based upon inferences drawn from the course of events in the lawsuit; the federal courts have tended to place great weight upon the fact that a plaintiffs nonsuit has followed closely on the heels of a defendant’s potentially dis-positive motion. For example, in Fox, the court determined that the defendants were prevailing parties in light of the fact that the plaintiff nonsuited only after the defendants moved to dismiss after the plaintiff conceded that she had no federal claim. 2008 WL 4386880, at *3. And in MBNA Technology, the court noted that the plaintiff nonsuited only after the defendants moved for summary judgment, and that the timing of the dismissal suggested that the plaintiffs dismissal was not motivated by her failure to uncover evidence supporting her claims in discovery, but instead, was attributable to her desire to avoid an unfavorable judgment. 2004 WL 389101, at *5; see also Banes, 2011 WL 1831602, at *2 (finding that the defendant was a prevailing party when the plaintiff moved to dismiss only after trial had commenced and the defendant had moved for dismissal); Hilbon, 2010 WL 1463472, at *3 (finding that defendants were prevailing parties when the plaintiff sought dismissal only after the defendants presented uncontested affidavits establishing that the plaintiff had no viable First Amendment claim).
In applying the test, courts should rely as far as possible on the existing record and affidavits, and resort to live testimony only in rare instances. See Riser, 240 F.3d at 511. A number of factors *871 may support an inference that a plaintiff has nonsuited in order to avoid an unfavorable ruling. For example, as in MBNA Technology, if a plaintiff nonsuits only after a motion for summary judgment is filed, it may suggest that the plaintiff elected to do so in order to escape summary judgment. See MBNA Tech., Inc., 2004 WL 389101. Further, a plaintiffs unexcused failure to respond to requests for admissions or other discovery that could support entry of an adverse judgment may also indicate that a nonsuit was taken to foreclose that possibility. Similarly, a failure to timely identify experts or other critical witnesses could suggest that a nonsuit is neither tactical nor voluntary. And the existence of other procedural obstacles, such as the plaintiffs inability to join necessary parties, may also signal that the defendant has prevailed over the plaintiff. On the other hand, as we have noted, it is reasonable to presume that the parties did not intend to encourage continued litigation when discovery reveals previously unknown flaws in the plaintiffs claims. Accordingly, evidence that the suit was not without merit when filed may indicate that the defendant has not prevailed and is therefore not entitled to attorney’s fees.
In this case, the record reflects that the trial court based its decision solely on the fact that the plaintiff nonsuited without prejudice. While the court of appeals’ judgment reversing the trial court’s award of fees is consistent with our holding today, no determination has been made whether the Fowlers nonsuited in order to avoid an unfavorable ruling.[10] Accordingly, we remand the case to the trial court to apply the standard we announce.
III. Remand for Consideration of Chapter 10 Remedy
The Eppses argue that, even if the court of appeals was correct in reversing the trial court’s award of attorney’s fees under section 17 of the earnest money contract, its judgment was erroneous. They maintain that the court of appeals erred by rendering judgment dismissing the Fowlers’ claims with prejudice rather than remanding to allow the trial court to consider the Eppses’ reserved claim for attorney’s fees under chapter 10 of the Civil Practice and Remedies Code. The Fowlers contend that the Eppses waived that issue by failing to appeal the portion of the trial court’s judgment denying all relief not expressly granted. We agree with the Eppses. The trial court’s judgment recited that “[a]ny relief not granted herein is expressly denied.” The Fowlers argue that the Eppses were required to appeal that portion of the judgment in order to be entitled to a remand. That argument fails for two reasons.
First, Rule 25.1(c) of the Rules of Appellate Procedure only requires a party who seeks to alter the trial court’s judgment to file a notice of appeal. In this case, the judgment that the Eppses sought under chapter 10 — $22,950 in attorney’s fees — is the same as the judgment that was awarded under section 17 of the earnest money contract. Thus, the Eppses were not required to file a notice of appeal challenging the trials court’s denial of fees under chapter 10. Understandably, the Eppses’ focus in the brief they filed in the court of appeals was on the fees the trial court awarded under the contract. But they *872 advised the court of their affirmative claim under chapter 10, and one of the issues the brief presented was whether “a trial court abuse[s] its discretion in awarding attorney fees after a plaintiffs nonsuit where [the] defendant ... had an independent counterclaim for affirmative relief on file at the time of the nonsuit.” The court of appeals was sufficiently apprised of the Eppses’ contention that they would be entitled to a remand if the court reversed the contractual attorney’s fees. See generally Consol. Eng’g Co. v. S. Steel Co., 699 S.W.2d 188 (Tex.1985).
Moreover, the court of appeals’ disposition is inconsistent with Rule 162 of the Rules of Civil Procedure. Under that rule, a nonsuit “shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief.” The court of appeals’ rendition of judgment dismissing the Fowlers’ claims without prejudice without allowing the Eppses the opportunity for a hearing on their chapter 10 claims ran afoul of Rule 162.
IV. Conclusion
The court of appeals did not err in reversing the trial court’s award of attorney’s fees under section 17 of the earnest money contract, as the lower court awarded fees based solely on the Howards’ non-suit without prejudice. Because the trial court has had no opportunity to determine whether the Fowlers dismissed to avoid an unfavorable judgment, we vacate the court of appeals’ judgment and remand the Eppses’ contractual attorney’s claim to the trial court. We also remand the Eppses’ claim for fees under chapter 10 of the Civil Practice and Remedies Code.
Justice HECHT filed a dissenting opinion, in which Justice MEDINA, and Justice JOHNSON joined.

. The contract is a widely used standard Texas Real Estate Commission form contract.

. There is evidence that several depositions of Bruce Fowler had to be rescheduled because he was working outside of the country. The requests for admission are not in the record before us.

. In fact, the petitioner in KB Home argued that the case presented an issue that was likely to recur and thus be important to the state’s jurisprudence because of the term's use in numerous contracts, including a differently numbered version of the Standard One To Four Family Residential Contract (Resale) Texas Real Estate Commission form that the parties entered into in this case. See Petitioner’s Brief on the Merits at 5 n. 12, Intercont'l Group P’ship v. KB Home Lone Star L.P., 295 S.W.3d 650 (Tex.2009).

. The dissent faults us for looking to federal cases to determine the parties’ intent, but we applied a nearly identical analytical framework in KB Home, an opinion the dissent’s author joined. And the dissent in KB Home raised almost the same objections as the dissent in this case. In following KB Home's analysis, we simply treat all parties to a lawsuit the same, whether they are plaintiffs or defendants, as we are obligated to do.

.The Eppses take issue with the court of appeals’ reliance on cases interpreting the term prevailing party as used in statutes. We agree that it might be improper to look to cases focusing on whether courts should exercise their discretion to award fees to a prevailing party, because those cases turn on legislative policy choices. See, e.g., Christiansburg Garment Co. v. Equal Employment Opportunity Comm’n, 434 U.S. 412, 420-21, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (holding that defendant may be entitled to recover attorney's fees as prevailing party when a plaintiff voluntarily withdraws complaint if it establishes that the suit was groundless, because Congress "wanted to protect defendants from burdensome litigation having no legal or factual basis”). We see no error, however, in looking to cases considering the plain meaning of the term prevailing party. We note that the Eppses themselves rely on statutory cases.

. Rule 41 permits plaintiffs to dismiss their claims without a court order before the opposing party serves either an answer or a motion for summary judgment, or with the stipulation of all parties. Fed.R.Civ.P. 41(a)(l)(A)(i), (ii). A dismissal under Rule 41(a)(1) is generally without prejudice. Id. 41(a)(1)(B). If it is too late to dismiss under Rule 41(a)(1), a plaintiff may still elect to move to dismiss, but may do so only by court order “on terms that the court considers proper.” Fed.R.Civ.P. 41(a)(2).

. A plaintiff may not, however, take a nonsuit to avoid an unfavorable venue ruling. In re Team Rocket, L.P., 256 S.W.3d 257, 258 (Tex.2008). Further, when a claimant nonsuits after an unfavorable partial summary judgment, the nonsuit is with prejudice as to the claims disposed of by the judgment. Hyundai Motor Co. v. Alvarado, 892 S.W.2d 853, 854 (Tex.1995).

. In this case, the Eppses contend that limitations would have barred any claims the Fowl-ers may have filed in a new lawsuit. Without considering the merits of that contention, we agree with the court of appeals that the mere possibility that limitations would bar future suits does not effect a change in the parties' relationship that confers prevailing party status on a defendant. Limitations is an affirmative defense that must be pleaded and proven. See KPMG Peat Marwick v. Harrison Cnty. Housing Fin. Corp., 988 S.W.2d 746, 748 (Tex.1999) (citing Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530 (Tex.1997)). Further, limitations may, in some circumstances, be subject to exceptions like fraudulent concealment and the discovery rule. BP Am. Prod. Co. v. Marshall, 342 S.W.3d 59, 65-67 (Tex.2011). Until a defendant has secured a favorable ruling on a res judicata defense, there has been no material change in the parties' legal relationship

. The Eppses maintain that section 17’s purpose was to discourage the filing of frivolous claims. The agreement’s language is not so narrow, however. If that were the provision’s sole purpose, then it would award fees to a "prevailing defendant.”

. Of course, parties may elect to define prevailing party any way they choose, see Healthcare Cable Sys., Inc. v. Good Shepherd Hosp., Inc., 180 S.W.3d 787, 791 (Tex.App.-Tyler 2005, no pet.); Alexander v. Cooper, 843 S.W.2d 644, 647 (Tex.App.-Corpus Christi 1992, no writ), and could conceivably say that a defendant prevails any time a plaintiff non-suits, with or without prejudice.