Patrick A. Pirtle, Justice
Appellant, Stephanie Moore, proceeding pro se , appeals the trial court's order awarding Appellee, the Amarillo-Panhandle Humane Society, Inc. (APHS), attorney's fees in the amount of $20,926.54 incurred in a lawsuit originally filed by Moore for trespass and the wrongful taking of livestock allegedly belonging to her. By a sole issue, Moore challenges that award of attorney's fees. We reform the judgment, reducing APHS's recovery of attorney's fees to $17,926.54, and affirm the judgment as reformed.
BACKGROUND
In 2013, Moore sued APHS and others for trespass and the wrongful taking of forty-two head of livestock allegedly in violation of the Texas Theft Liability Act.[1] By its pleading in response to that suit, APHS requested attorney's fees pursuant to section 134.005(b) of the Act. APHS later filed a hybrid motion for summary judgment again requesting attorney's fees under the Act.
Before the trial court could conduct a hearing on APHS's motion for summary judgment, Moore filed a motion for continuance. When the trial court denied that motion, Moore nonsuited APHS. Following entry of an Order Granting Nonsuit, APHS filed its notice of appeal. That appeal was subsequently dismissed for want of jurisdiction because it was determined that the order being appealed was not a final order. See Amarillo-Panhandle Humane Soc'y, Inc. v. Moore , No. 07-15-00037-CV, 2016 WL 735894, at *2, 2016 Tex. App. LEXIS 1794, at *6 (Tex. App.-Amarillo Feb. 19, 2016, no pet.).
Following issuance of mandate in the earlier appeal, APHS requested a hearing in this case on its claim for attorney's fees as a "prevailing party" under the Act. An evidentiary hearing was held. During that hearing, an attorney for APHS testified that its claim included the sum of $3,000 for "reasonable and necessary" legal services rendered in conjunction with the prior appeal. After that hearing, the trial *405 court awarded APHS an award of attorney's fees in the amount of $20,926.54. Findings of Fact and Conclusions of Law were not requested, and none were filed.
APPLICABLE LAW
Section 134.005(b) of the Act provides that "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." (Emphasis added). The standard for determining the reasonableness of a claim for attorney's fees was announced in El Apple I, Ltd. v. Olivas , 370 S.W.3d 757, 764 (Tex. 2011). It requires some documentation of the services performed, who performed them, the hours spent, the date performed, and the hourly rate before a court can award attorney's fees under the "Lodestar" method. Id.
Prior to El Apple I , the Texas Supreme Court identified a non-exclusive list of factors to consider in determining the reasonableness of attorney's fees. See Arthur Andersen & Co. v. Perry Equipment Corp. , 945 S.W.2d 812, 818 (Tex. 1997). Those factors include: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of representation in the case at issue will preclude other employment by the attorney; (3) the fee customarily charged in the locality for similar legal services; (4) the amount in controversy and the result obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.
STANDARD OF REVIEW
The availability of attorney's fees under the Theft Liability Act is a question of law we review de novo. See Arrow Marble, LLC v. Killion , 441 S.W.3d 702, 705 (Tex. App.-Houston [1st Dist.] 2014, no pet.). See also Spector Gadon & Rosen , P.C. v. Southwest Securities , Inc. , 372 S.W.3d 244, 248 (Tex. App.-Dallas 2012, no pet.). The award of fees to a prevailing party in an action under the Act is mandatory. Id. However, an appellate court must review the award to determine whether there was sufficient evidence to justify the award as both reasonable and necessary. See Bocquet v. Herring , 972 S.W.2d 19, 21 (Tex. 1998).
ANALYSIS
As a preliminary matter, APHS contends Moore challenges APHS's status as a "prevailing party" entitled to attorney's fees under the provisions of the Theft Liability Act. Although a "person who prevails" is not defined by that act, we nevertheless conclude APHS is a prevailing party.
Generally, a defendant is not considered a prevailing party when the plaintiff nonsuits a claim without prejudice. Epps v. Fowler , 351 S.W.3d 862, 869 (Tex. 2011). In Epps , however, the Supreme Court noted disfavor of nonsuits that were filed to circumvent unfavorable rulings. Id. at 870. There, the Court held that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." Id.
Here, in its order granting APHS's motion for attorney's fees, the trial court specifically found that Moore "non-suited her claims in an attempt to avoid an unfavorable ruling on the merits."
*406 As such, we conclude that, for purposes of the Theft Liability Act, APHS is a prevailing party in the underlying proceedings and we turn to Moore's complaint that the trial court's award of attorney's fees to APHS was not supported by factually sufficient evidence. In that regard, we agree in part and disagree in part.
In its hybrid summary judgment motion filed in October 2014, APHS requested attorney's fees under the Act in an amount of $17,275.00 for sixty-seven hours and anticipated an additional seven hours for a hearing on its motion. The hearing on the motion was set for November 25, 2014. On that same date, just before the hearing, Moore nonsuited her claims against APHS. APHS then sought to appeal the trial court's Order Granting Nonsuit.
After this court dismissed the first appeal for want of jurisdiction because it found APHS had filed notice of appeal as to an order that was not final, the trial court held an evidentiary hearing on the issue of attorney's fees. APHS's attorney was the sole witness. He testified that he has practiced law since 1997 and is head of his firm's litigation section. Counsel explained that he discounted his customary hourly rate of $325 per hour to $225 per hour and also discounted his associates' hourly rates because his client is a non-profit organization. APHS was billed for 178.45 hours for a total of $20,926.54. Counsel described the various services provided as including written discovery, numerous meetings with witnesses, extensive depositions, drafting a motion for summary judgment, preparation for hearings, and the expenses of the first appeal. To support counsel's testimony, APHS introduced counsel's resumé and copies of statements detailing itemized expenses and legal services performed without any objection from Moore.
Moore did not object to either exhibit admitted and chose not to cross-examine counsel on his testimony. She also rested her case without presenting any evidence or testimony. Based on the standard announced in El Apple I for determining the reasonableness of attorney's fees and the Arthur Andersen factors, we find the trial court did not abuse its discretion in determining that an award of $20,926.54 in attorney's fees was reasonable. That said, we find the $20,926.54 in attorney's fees includes $3,000 associated with the earlier appeal. Because that appeal was unnecessarily filed by APHS, the attorney's fees associated with that appeal were also unnecessary. Therefore, because the evidence is insufficient to support the trial court's finding that the recovery of $20,926.54 was both reasonable and necessary , we sustain, in part, Appellant's sole issue.
ACCEPTANCE OF REMITTITUR
An appellate court possesses the inherent power in a civil case to suggest a remittitur under Rule 46.3 of the Texas Rules of Appellate Procedure where an appellant complains there is insufficient evidence to support an award and the appellate court agrees but concludes there is sufficient evidence to support a lesser award. TEX. R. APP. P. 46.3. Here, because the evidence was sufficient to support an award of attorney's fees, but not in the amount given, we suggested a remittitur in the amount of $3,000. See Moore v. Amarillo-Panhandle Humane Society , No. 07-16-00300-CV, 2018 WL 618736, at *3, 2018 Tex. App. LEXIS 826, *7-8, (Tex. App.-Amarillo, Jan. 25, 2018, suggestion of remittitur). On January 31, 2018, APHS filed its Acceptance of Remittitur in accordance with that suggestion. Therefore, in accordance with this court's prior order and APHS's acceptance of remittitur, we reform the trial court's judgment to reflect an award of attorney's fees in favor of APHS for $17,926.54. TEX. R. APP. P. 46.3.
*407 CONCLUSION
As reformed, the trial court's judgment is affirmed.

Tex. Civ. Prac. & Rem. Code Ann. §§ 134.001 -.005 (West 2011 & Supp. 2017).