

**NUMBER 13-20-00382-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**TLC CEC PARKDALE, LLC
AND COMPLETE EMERGENCY
CARE HOLDING, LLC D/B/A
TLC COMPLETE CARE,**                                                 **Appellants,**

**v.**

**GUADALUPE RECIO TREVINO JR.,**                                    **Appellee.**

**On appeal from the County Court at Law No. 1
of Nueces County, Texas.**

**MEMORANDUM OPINION**

**Before Justices Benavides, Hinojosa, and Silva
Memorandum Opinion by Justice Hinojosa**

This case arises from the dismissal of a fraudulent medical lien case. By two issues, appellants TLC CEC Parkdale LLC and Complete Emergency Car Holding, LLC d/b/a TLC Complete Care (collectively, TLC) argues that the trial court reversibly erred in:

(1) failing to award attorneys' fees to TLC as the "prevailing party" on appellee's Texas Theft Liability Act (TTLA) claim; and (2) failing to award sanctions to TLC. We affirm.

## I. BACKGROUND

### A. The Underlying Facts

On or about August 29, 2018, appellee Guadalupe Recio Trevino Jr. was injured in a motor vehicle collision that was caused by a negligent third party. Trevino received medical treatment in TLC's emergency room (ER). During his ER visit, Trevino signed a contract with TLC agreeing to: (1) pay TLC's charges and (2) assign to TLC any benefits he[1] might receive from insurance companies or third-party payors. Trevino also signed an Assignment of Benefits form authorizing his personal injury protection (PIP) policy to pay up to $5,000 of his hospital charges. The total charges for Trevino's medical services were $14,680.

TLC subsequently filed a hospital lien in Nueces County on September 7, 2018, under chapter 55 of the Texas Property Code. The lien made a claim on any monies Trevino received "from any person alleged to have caused said injuries and any other person liable for the injury" up to the amount of TLC's full charges.

Trevino filed a personal injury lawsuit and eventually agreed upon a settlement with the negligent driver's insurance company on June 3, 2019. Trevino did not receive payment, however, because the insurance company would not issue payment without including TLC on the check. Trevino allegedly "sent numerous letters and left numerous

---

[1] The parties referred to Trevino in both the masculine and feminine form. Given that the order from which this appeal arises lists Trevino's legal name as "Guadalupe Recio Trevino, Jr.," we will refer to Trevino in the masculine form.

messages" to TLC, attempting to persuade it to release its lien. TLC refused, contending that Trevino used its hospital bill to obtain the settlement in the first place, and insisting on payment for the balance of its services.

On September 23, 2019, however, TLC filed a release of the hospital lien against Trevino when it sold his account to a third-party. Trevino claimed neither he nor his counsel received notice of this release.

## B. The Litigation

On March 6, 2020, Trevino filed a lawsuit against TLC, alleging fraud, intentional misrepresentation, conversion, theft, intentional infliction of emotional distress, and mental anguish. In his suit, Trevino asserted that TLC's lien was fraudulent because Trevino was never "admitted" into the hospital, his own personal injury insurance had paid for his medical treatment, and also that TLC attempted to extort from him more than a "reasonable and regular" rate for its medical services rendered.

Prior to filing its answer, TLC's counsel sent correspondence to Trevino pointing out several alleged flaws to Trevino's position. For example, TLC stated that it had released its lien after it sold its account. TLC also set forth that the payment TLC received from Trevino's PIP coverage did not cover the full amount of TLC's charges, and TLC never agreed to accept the PIP payment as payment-in-full. Finally, TLC stated that, under Texas law, an injured individual is considered "admitted" to a hospital if the individual is "allowed access to any department of the hospital for the provision of any treatment, care, or service." The correspondence informed Trevino that TLC had already accrued attorney's fees and would seek more if it had to file an answer, special

3

exceptions, a plea to the jurisdiction, and/or a motion to dismiss.

Trevino did not respond to this correspondence. Trevino's counsel claimed that this was due to the COVID-19 pandemic: TLC faxed the letter to his office when he had already transitioned his staff to work from home remotely. TLC subsequently filed its answer, jurisdictional challenge, special exceptions, and requests for disclosure on April 27, 2020. Trevino filed to nonsuit his case on that same day. The trial court signed the "Order on Non-[]suit Without Prejudice" on April 28, 2020.

TLC filed a motion for fees and sanctions for filing a groundless pleading on May 27, 2020. Trevino, despite having nonsuited his claims, then served discovery requests on TLC on June 8, 2020. These discovery requests included three deposition notices to depose TLC's corporate representatives and counsel of record. The notices also included requests for documents.

TLC filed a motion to quash and a motion for protection on June 9, 2020, as well as a supplement to its motion for fees and sanctions for filing groundless pleadings. On June 12, 2020, TLC filed its second supplement to its motion for fees and sanctions for filing groundless pleadings. Trevino answered the motion for sanctions, and filed a request for bench trial, counterclaim, and request for disclosures on June 16, 2020.

The trial court held a hearing on the motion for attorney's fees and sanctions on July 30, 2020, and denied those requests on August 23, 2020. TLC subsequently requested the trial court to issue findings of fact and conclusions of law on the denial of its motion for fees and sanctions. Trevino objected to this request, arguing that findings of fact and conclusions under Texas Rule of Civil Procedure 296 were only required after

4

trials. TLC did not file a Past Due Notice of Findings of Fact and Conclusions of Law under rule 297, and the trial court ultimately made no findings. TLC appeals.

## II.    THE TEXAS THEFT LIABILITY ACT

By its first issue, TLC contends the trial court erred when it failed to award attorneys' fees to TLC as the "prevailing party" on Trevino's TTLA claim.

## A.    Standard of Review and Applicable Law

The TTLA provides that "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b). "The award of fees to a prevailing party in a TTLA action is mandatory." *Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 705 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) ("Statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary."). "A prevailing defendant is entitled to attorney's fees 'without any prerequisite that the claim is found to be groundless, frivolous, or brought in bad faith.'" *Arrow Marble*, 441 S.W.3d at 706 (quoting *Air Routing Int'l Corp. (Can.) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 686 (Tex. App.—Houston [14th Dist.] 2004, no pet.)).

"The availability of attorney's fees under the [TTLA] is a question of law we review de novo." *Moore v. Amarillo-Panhandle Humane Soc'y, Inc.*, 541 S.W.3d 403, 405 (Tex. App.—Amarillo 2018, pet. denied); *see Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999) (per curiam). "Generally, a defendant is not considered a prevailing party when the plaintiff nonsuits a claim without prejudice." *Moore*, 541 S.W.3d at 405 (citing

5

*Epps v. Fowler*, 351 S.W.3d 862, 869 (Tex. 2011)). Courts disfavor the practice of parties nonsuiting their lawsuits to avoid unfavorable rulings, though. *Id.* (citing *Epps*, 351 S.W.3d at 870). The high court has held that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." *Epps*, 351 S.W.3d at 870.

**B.      Analysis**

Here, Trevino nonsuited his claim on the same day TLC answered the petition and filed a challenge to the jurisdiction, special exceptions, and requests for disclosure. The trial court denied TLC's motion for fees and sanctions on August 3, 2020. The order provided as follows:

> On this day came to be heard [TLC's] Motion for Fees and Sanctions for Filing Groundless Pleadings. Upon hearing the motion, and argument and evidence thereon, and being of the opinion that said Motion should be in all things DENIED. THEREFORE, it is ORDERED, ADJUDGED, AND DECREED that Defendants' Motion for Fees and Sanctions for Filing Groundless Pleadings is DENIED.

The Texas Supreme Court has held that a "defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits."[2] *Epps*, 351 S.W.3d at 870. That did not occur here. There is no ruling from the trial court concluding that Trevino nonsuited his case to avoid an unfavorable ruling. *See id.*; *Moore*,

---

[2] In *Epps*, the Texas Supreme Court also ruled that "a defendant is a prevailing party when a plaintiff nonsuits a case with prejudice." *Epps v. Fowler*, 351 S.W.3d 862, 869 (Tex. 2011). This is because "[t]he res judicata effect of a nonsuit with prejudice works a permanent, inalterable change in the parties' legal relationship to the defendant's benefit"—the plaintiff can no longer sue the defendant for claims arising from the same subject matter. *Id.* at 868–69. That is not the case here, as the trial court's order on the non-suit clearly states the dismissal is without prejudice.

541 S.W.3d at 405 (where the trial court specifically noted in its order granting attorney's fees that plaintiff "non-suited her claims in an attempt to avoid an unfavorable ruling on the merits"); *see also Int'l Med. Ctr. Enters., Inc. v. ScoNet, Inc.*, No. 01-16-00357-CV, 2017 WL 4820347, at *16 (Tex. App.—Houston [1st Dist.] Oct. 26, 2017, no pet.) (mem. op.) (ruling that defendant was not entitled to attorney's fees under the TTLA "[i]n light of the lack of a trial court finding on [plaintiff's] motive for nonsuiting its TTLA claim"); *BBP Sub I LP v. Di Tucci*, No. 05-12-01523-CV, 2014 WL 3743669, at *4 (Tex. App.—Dallas July 29, 2014, no pet.) (mem. op.) (implicitly holding defendant was a "prevailing party" and granting attorney's fees when plaintiff acknowledged at a hearing that it "basically cried 'Uncle'" when it nonsuited its weak legal claim). Although we acknowledge TLC's point that Trevino's nonsuit was filed on the same day TLC filed its answer, without a trial court determination that Trevino's nonsuit was taken to avoid a negative ruling, TLC cannot establish that it was a "prevailing party" under the TTLA. *See Epps*, 351 S.W.3d at 870.

Further, we note that although TLC did request findings of fact and conclusions of law regarding the denial of defendant's motion for fees and sanctions, the trial court failed to issue them. *See* TEX. R. CIV. P. 296. Trevino objected to this request, contending that the rule states that a party may request the court to state in writing its findings of fact and conclusions of law "[i]n any case tried to a district or county court without a jury," and that here, no such trial occurred. TLC then waived this point, though, when it failed to file the "Notice of Past Due Findings of Fact and Conclusions of Law" under Rule 297 when the trial court did not comply with its request after twenty days. *See id.* R. 297; *Ad Villarai,*

7

*LLC v. Chan Il Pak*, 519 S.W.3d 132, 137 (Tex. 2017) (per curiam) ("We have held that a party waives its right to challenge a failure to file findings if it does not file a notice of past due findings as rule 297 requires."). Accordingly, we overrule this issue.

### III.    MOTION FOR SANCTIONS

By its second issue, TLC argues the trial court erred when it failed to grant its motion for sanctions under Texas Rule of Civil Procedure 13 and/or chapter 9 of the Texas Civil Practice and Remedies Code.

### A.    Standard of Review and Applicable Law

Texas Rule of Civil Procedure 13 provides that attorney signatures on documents should constitute that "to the best of their knowledge, information, and belief" that the instrument they are filing is "not groundless and brought in bad faith or groundless and brought for the purpose of harassment." TEX. R. CIV. P. 13. The rule further notes that "[i]f a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available." *Id.*

Chapter 9 of the Texas Civil Practice and Remedies Code sets forth that if a groundless pleading has been brought in bad faith, for the purpose of harassment, or for any improper purpose, such as to cause unnecessary delay or cost, the trial court shall impose an appropriate sanction. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 9.011–9.012.

We review the trial court's grant or denial of a motion for sanctions under an abuse of discretion standard. *Altesse Healthcare Sols., Inc. v. Wilson*, 540 S.W.3d 570, 573 (Tex. 2018) (per curiam); *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010). "A trial

8

court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 911 (Tex. 2017) (quoting *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam)).

## B. Analysis

The trial court held a hearing on TLC's motion for attorney's fees and sanctions on June 30, 2020. TLC had two primary bases for its motion for sanctions. First, TLC claimed that Trevino argued TLC "refused" to release its hospital lien when, in fact, its release of lien was on file with the Nueces County Clerk since September 4, 2019—nearly six months before Trevino filed his suit. Trevino responded that he never received formal notice of this release of lien, and that no TLC representative claimed as much in his telephone conversations or e-mail correspondence with TLC when he was attempting to persuade it to release its lien.

Second, TLC argued that Trevino's claim that the lien was inappropriate was groundless because TLC never accepted Trevino's PIP coverage in full accord and satisfaction of its charges. TLC asserted that its total charges were for $14,680, and Trevino's PIP coverage only paid for $5,000. Trevino responded to this argument in two ways: first, that "the lien that continued was in the wrong amount" and that TLC "gave no credit for the PIP settlement." Second, Trevino believed that the PIP assignment of coverage *did* satisfy the lien under Texas Property Code § 55.004. *See* TEX. PROP. CODE ANN. § 55.004(d)(3) ("A hospital lien described by Section 55.002(a) does not cover . . . charges by the physician for services provided . . . if the injured individual has

9

coverage under a private medical indemnity plan or program from which the physician is entitled to recover payment for the physician's services under an assignment of benefits or similar rights."). Trevino's counsel also argued that practicing law remotely during the COVID–19 pandemic presented some challenges with communication.

"A party seeking sanctions has the burden of establishing his right to relief." *Mobley v. Mobley*, 506 S.W.3d 87, 94 (Tex. App.—Texarkana 2016, no pet.) (quoting *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993)). To recover attorney's fees, TLC had to prove that Trevino brought his claim in bad faith or for the purpose of harassment. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. §§ 9.011–9.012. "Bad faith does not exist when a party exercises bad judgment or negligence." *Mobley*, 506 S.W.3d at 94. Rather, bad faith means "the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes." *Id.* (quoting *Campos v. Ysleta Gen. Hosp., Inc.*, 879 S.W.2d 67, 71 (Tex. App.—El Paso 1994, writ denied)). "In deciding whether a pleading was filed in bad faith or for the purpose of harassment, the trial court must measure a litigant's conduct at the time the relevant pleading was signed." *Tex.–Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 139 (Tex. App.—Texarkana 2000, no pet.).

Here, Trevino explained his reasons for filing the lawsuit and, in light of the record, we conclude the trial court did not abuse its discretion in deciding that sanctions were not warranted. *See Altesse*, 540 S.W.3d at 574. We overrule this issue.[3]

---

[3] Trevino's request for sanctions against TLC under Texas Rule of Appellate Procedure 45 is hereby denied. *See* TEX. R. APP. P. 45.

TLC moved this Court to award sanctions, in its third issue in its reply brief, for arguments Trevino made on appeal under Rule 45 too. We deny this motion as well. *See id.*

## IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
25th day of August, 2022.

11