**Affirmed and Opinion Filed December 28, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00025-CV**
_____

**CENTURION AMERICAN CUSTOM HOMES, INC. D/B/A CENTURION AMERICAN DEVELOPMENT GROUP, CENTURION ACQUISITIONS, LLC, AND MEHRDAD MOAYEDI, INDIVIDUALLY, Appellants**
**V.**
**CROSSROADS OPPORTUNITY PARTNERS, LLC AND DREIEN OPPORTUNITY PARTNERS, LLC, Appellees**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-18812**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Pedersen, III

Appellants complain that the trial court erred in denying their motion for attorney's fees sought pursuant to the Texas Theft Liability Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 135.005(b). In two issues, appellants argue they were entitled to attorney's fees because they (1) were prevailing parties under the Texas Theft Liability Act and (2) established their attorney's fees and costs as a matter of law. We overrule appellants' first issue and do not decide their second issue. We affirm the judgment of the trial court.

*Background*

Appellees filed this lawsuit after a failed real estate transaction. Appellees alleged numerous causes of action against appellants, including (1) negligent misrepresentation; (2) intentional misrepresentation; (3) negligence; (4) declaratory judgment; (5) civil conspiracy; (6) common law and statutory fraud; (7) fraudulent inducement; (8) fraudulent concealment; (9) tortious interference with existing and/or potential business relations; (10) misappropriation of trade secrets; (11) conversion; (12) equitable estoppel; (13) unjust enrichment; (14) equitable and promissory estoppel; (15) joint enterprise; (16) constructive trust; (17) specific performance; (18) violations of the Texas Property Code; (19) rescission; (20) violation of the Texas Theft Liability Act; and (21) violation of the Texas Trust Act.[1]

Appellants' answer asserted defenses and requested recovery of attorney's fees under the Theft Liability Act.

Appellants filed several motions for summary judgment. On July 30, 2019, appellants filed a "no evidence" summary judgment on appellees' claims for (1) negligent misrepresentation; (2) intentional misrepresentation; (3) negligence; (4) civil conspiracy; (5) common-law fraud; (6) statutory fraud; (7) fraudulent inducement; (8) tortious interference with existing contract; (9) tortious interference with potential business relations; (10) misappropriation of trade secrets; (11)

_____

[1] Appellants note "that a number of these 'causes of action' are actually remedies, and not causes of action under Texas law."

conversion; (12) unjust enrichment; (13) promissory estoppel; (14) joint enterprise; (15) constructive trust; (16) trespass to try title; (17) suit to quiet title; (18) slander to title; and (19) violation of the Texas Trust Act.

On January 28, 2020, appellants filed a motion for partial summary judgment on appellees' claims for (1) negligent misrepresentation; (2) intentional misrepresentation; (3) fraud; (4) statutory fraud; (5) fraudulent inducement; (6) equitable estoppel; (7) promissory estoppel; (8) constructive trust; (9) fraudulent concealment; (10) violations of the Texas Trust Act; (11) specific performance; (12) rescission; (13) declaratory judgment; (14) violations of the Texas Property Code; and (15) unjust enrichment.

On June 12, 2020, appellants filed a second motion for partial summary judgment on appellees' claims for (1) negligence; (2) misappropriation of trade secrets; (3) conversion; (4) tortious interference with existing contract; (5) tortious interference with potential business relations; (6) conversion; (7) conspiracy; and (8) joint enterprise.

On June 12, 2020, appellants set all three motions to be heard on July 8, 2020. On June 15, 2020, appellees filed their "notice of nonsuit without prejudice" on all their claims against appellants. The trial court signed an "order of partial nonsuit without prejudice" as to appellants on June 19, 2020.

Subsequently, appellants filed a motion for attorney's fees pursuant to the Texas Theft Liability Act. After holding a hearing on September 18, 2020, the trial

court denied appellants' motion on October 15, 2020. The trial court signed an order granting appellants' motion to sever all claims by appellees against them into a separate lawsuit in order to make the June 19, 2020 order of nonsuit final. This appeal followed.

*Standard of review and applicable law*

Texas follows the American Rule, under which litigants may recover attorney's fees only if specifically allowed by statute or contract. *See Benge Gen. Contracting, LLC v. Hertz Elec., LLC*, No. 05-19-01506-CV, 2021 WL 5317840, at *3 (Tex. App.—Dallas Nov. 16, 2021, no pet.) (mem. op.) (citing *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011) and *Phoneternet, LLC v. Drawbridge Design*, No. 05-17-00890-CV 2018 WL 3238001, at *2 (Tex. App.—Dallas July 3, 2018, no pet.) (mem. op.))

The Texas Theft Liability Act provides that "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b). "The award of fees to a prevailing party in a TTLA action is mandatory." *Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 705 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see Bocquet v. Herring,* 972 S.W.2d. 19, 20 (Tex. 1998) ("Statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary."). The Texas Theft Liability Act does not define "prevails" for

purposes of awarding attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.003.

"The availability of attorney's fees under the Texas Theft Liability Act is a question of law we review de novo." *Moore v. Amarillo-Panhandle Humane Soc'y, Inc.*, 541 S.W.3d 403, 405 (Tex. App.—Amarillo 2018, pet. denied); *see Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999) (per curiam). "Generally, a defendant is not considered a prevailing party when the plaintiff nonsuits a claim without prejudice." *Moore*, 541 S.W.3d at 405 (citing *Epps*, 351 S.W.3d at 869). "By contrast . . . a defendant who is the beneficiary of a nonsuit with prejudice would be a prevailing party." *Epps*, 351 S.W.3d at 868. Courts disfavor the practice of parties nonsuiting their lawsuits to avoid unfavorable rulings. *See Moore*, 541 S.W.3d at 405 (citing *Epps*, 351 S.W.3d at 870). The supreme court has held that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." *Epps*, 351 S.W.3d at 870.

*Analysis*

Appellants argue in their first issue that the trial court erred in denying their motion for attorney's fees as prevailing parties under the Texas Theft Liability Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.05(b).

Appellees nonsuited all their claims against appellants three days after appellants set their three motions for summary judgment for hearing. Not one of

appellants' three motions for summary judgment attacked appellees' claim under the Texas Theft Liability Act—the sole claim on which appellants seeks attorney's fees. Appellants concede, "[T]he TLA claim was not the direct subject of the motions that were filed . . . ." Appellants argue they are prevailing parties under the Texas Theft Liability Act, as a matter of law, because appellees nonsuited all their claims without prejudice in order to avoid an unfavorable ruling on the merits of the Texas Theft Liability Act claim.

The trial court denied appellants' motion for attorney's fees pursuant to the Texas Theft Liability Act on October 15, 2020. The order denying appellant's motion for attorney's fees provided as follows:

> CAME ON to be heard on the 18th day of September Defendants Centurion American Custom Homes, Inc., d/b/a Centurion American Development Group, Centurion American Acquisitions, LLC and Mehrdad Moayedi (collectively "Defendants") Motion for Mandatory Attorney's fees filed July 29, 2020. After reviewing the motion, response and evidence presented and after hearing argument of counsel, the Court is of the opinion that the Motion should be DENIED.

> IT IS THEREFORE ORDERED that Defendants' Motion for Mandatory Attorney's Fees is DENIED.

The Texas Supreme Court has held that a "defendant may be a prevailing party when a plaintiff nonsuits without prejudice *if the trial court determines*, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." *Epps,* 351 S.W.3d at 870 (emphasis added). That did not occur here. There is no ruling from the trial court concluding that appellees nonsuited their case to

avoid an unfavorable ruling. *See id.*; *Moore*, 541 S.W.3d at 405 (where the trial court specifically noted in its order granting attorney's fees that plaintiff "non-suited her claims in an attempt to avoid an unfavorable ruling on the merits"); *see also TLC CEC Parkdale, LLC v. Trevino*, 13-20-00382-CV, 2022 WL 3652500, at *3 (Tex. App.—Corpus Christi-Edinburg Aug. 25, 2022, no pet.) (mem. op.) (overruling issue that the trial court erred in not awarding attorney's fees to appellant as "prevailing party" under the Texas Theft Liability Act because, "There is no ruling from the trial court concluding that Trevino nonsuited his case to avoid an unfavorable ruling."); *Int'l Med. Ctr. Enters., Inc. v. ScoNet, Inc.,* No. 01-16-00357-CV, No. 13-20-00382, 2017 WL 4820347, at *16 (Tex. App.—Houston [1st Dist.] Oct. 26, 2017, no pet.) (mem. op.) (ruling that defendant was not entitled to attorney's fees under the Texas Theft Liability Act "[i]n light of the lack of a trial court finding on [plaintiff's] motive for nonsuiting its TTLA claim"); *BBP Sub I LP v. Di Tucci*, No 05-12-01523-CV, 2014 WL 3743669, at *4 (Tex. App.—Dallas July 29, 2014, no pet.) (mem. op.) (implicitly holding defendant was a "prevailing party" and granting attorney's fees when plaintiff acknowledged at a hearing that it "basically cried 'Uncle'" when it nonsuited its weak legal claim).

We note that appellants timely filed a request for findings of fact and conclusions of law on November 6, 2020, and filed their notice of past due findings of fact and conclusions of law on December 1, 2020. The record does not contain findings of fact or conclusions of law. Appellants do not argue here that the trial

–7–

court erred in not making findings of fact and conclusions of law; their brief fails to mention findings of fact and conclusions of law. Consequently, we are not authorized to consider whether the trial court erred in that regard. *See, e.g., Gonzales v. Thorndale Coop. Gin & Grain Co.*, 578 S.W.3d 655, 657 (Tex. App.—Houston [14th Dist.] no pet.) ("As the appellant, Gonzales bore the responsibility to frame the issues and argument for his appeal; and we have no discretion to create an issue or argument not raised in appellant's brief.").

Absent a finding by the trial court that appellees' nonsuit was taken to avoid a negative ruling, appellants cannot establish that they prevailed under the Texas Theft Liability Act. *See Epps*, 351 S.W.3d at 870.

We overrule appellants' first issue.[2]

We affirm the trial court's judgment.

/Bill Pedersen, III/

210025f.p05

BILL PEDERSEN, III
JUSTICE

---

[2] Because we overrule appellants' first issue that they were entitled to recover their attorney's fees and costs under the Texas Theft Liability Act, we need not and do not reach appellants' second issue of whether the amount of any attorney's fees and costs were established as a matter of law.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CENTURION AMERICAN
CUSTOM HOMES, INC. D/B/A
CENTURION AMERICAN
DEVELOPMENT GROUP;
CENTURION ACQUISITIONS,
LLC; AND MEHRDAD MOAYEDI,
INDIVIDUALLY, Appellants

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-18812.
Opinion delivered by Justice
Pedersen, III. Justices Schenck and
Molberg participating.

No. 05-21-00025-CV          V.

CROSSROADS OPPORTUNITY
PARTNERS, LLC AND DREIEN
OPPORTUNITY PARTNERS, LLC,
Appellees

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees CROSSROADS OPPORTUNITY PARTNERS, LLC AND DREIEN OPPORTUNITY PARTNERS, LLC recover their costs of this appeal from appellants CENTURION AMERICAN CUSTOM HOMES, INC. D/B/A CENTURION AMERICAN DEVELOPMENT GROUP; CENTURION ACQUISITIONS, LLC, AND MEHRDAD MOAYEDI, INDIVIDUALLY.

Judgment entered this 28th day of December, 2022.