**Opinion issued August 4, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00400-CV

————————————

## IN RE DAVID W. WARREN, BENEFICIARY OF THE DAVID ABRAHAM WEINER 1994 TRUST, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, David W. Warren, has filed a petition for writ of mandamus challenging (1) the trial court's jurisdiction to hear and rule on motions regarding a Counter and Cross-Petition filed by the real party in interest after relator's nonsuit

and (2) the potential disclosure of certain educational records sought in discovery and reviewed by the trial court *in camera*. [1] We **deny** the petition.

***Trial Court's Jurisdiction Following Relator's Nonsuit***. A plaintiff's nonsuit does not affect a defendant's pending claims for affirmative relief. *See* TEX. R. CIV. P. 162 ("Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk."); *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011) ("[A] nonsuit does not affect any pending claim for affirmative relief or motion for attorney's fees or sanctions."). Prior to relator's nonsuit, the real party in interest filed his Second Amended Cross-Claims against the co-trustee. Real party in interest's Second Amended Cross-Claims asserted at least one independent claim for affirmative relief that was pending at the time of relator's nonsuit. Because the nonsuit did not resolve the pending affirmative claim, the nonsuit was not a final order and the trial court's plenary power did not expire thirty days after the order was issued. *See* TEX. R. CIV. P. 329b(d), (e); *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 95–97 (Tex. 2009) (holding that trial court's plenary power had not expired where order granting nonsuit was not final because it did not dispose of all pending matters).

---

[1] The underlying case is *In re David Abraham Weiner 1994 Trust*, cause number 425,577, pending in the Probate Court No. 4 of Harris County, Texas, the Honorable Christine Butts presiding.

***Production of Relator's Educational Records.*** The record contains neither a written nor an oral order in the record requiring relator's educational records to be produced. *See* TEX. R. APP. P. 52.3(k)(l)(A) (appendix to petition for a writ of mandamus must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"). Although relator asserts that the associate trial judge mentioned that the court determined that the records should be produced, the record demonstrates that the trial court has not ruled on the issue. Rather, the trial court issued an order providing that, after the court's *in camera* review of the documents, relator would be entitled to raise further written objections regarding production of the educational records and that such objections would be heard at a subsequent hearing. To the extent that there was an indication of the trial court's intent to rule, an indication of a future intent by the trial court to rule is insufficient to grant mandamus relief. *See S&A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995) (rendition of judgment is a present act and words used by trial court must clearly indicate intent to render judgment at the time the words are expressed, as opposed to future intent to render judgment).

Accordingly, we deny the petition for writ of mandamus and lift the stay imposed in our April 29, 2015 order.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Brown.

3