**Reversed and Remanded and Opinion Filed November 12, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01429-CV

### DAVID PORTER AND STEVEN FREDRICKSON, Appellants
### V.
### CRAIG HARBUCK AND CAROL WEINKAUF, Appellees

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-03485-B**

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Myers
Opinion by Justice Bridges

Appellants David Porter and Steven Frederickson (jointly referred to as "Porter") appeal

the trial court's judgment from an alleged settlement agreement entered into between Porter and

appellees Craig Harbuck and Carl Weinkauf (jointly referred to as "Harbuck"). Porter argues the

parties never reached an enforceable settlement agreement. Alternatively, if an agreement was

agreed upon, appellants withdrew their consent and the trial court was without power to enforce

the settlement agreement and enter a consent judgment. We reverse and remand to the trial court

for further proceedings.

### Background

Porter's business dealings involved buying rough diamonds and other semi-precious

materials in Africa and selling them for a profit. Harbuck entered into a contract with Porter in

which Porter would purchase diamonds with money supplied by Harbuck and then resell the

diamonds. Under the agreement, Porter guaranteed a twenty-five percent profit on the original $100,000 provided by Harbuck on the first purchase and resale of the first parcel of diamonds and on every subsequent purchase and resale thereafter. The parties also agreed, among other things, that diamonds purchased with Harbuck's funds would be titled to Harbuck and serve as collateral. According to Harbuck's original petition, Porter subsequently purchased and resold diamonds using the money, but never paid Porter under the terms of the contract. Porter sought $931,322.51 in actual damages, punitive damages, and attorney's fees.

Porter answered and filed a counterclaim asserting the purpose of the agreement was to permit Porter to borrow money from Harbuck rather than provide Harbuck with an investment. Further, he alleged if the interest under the contract was aggregated and amortized, the interest rate equaled at least 300%, which was a usurious contract contrary to public policy.

The case was set for trial on April 16, 2014; however, on March 27, 2014, the court continued the case until June 11, 2014 after the parties informed the court they were involved in settlement discussions. Settlement negotiations began with Porter offering $125,000, along with other terms, and Harbuck rejecting the offer and countering with $250,000. Porter then responded with a $150,000 offer to which Harbuck countered with $200,000. Porter split the difference again and offered a $175,000 settlement, payable in two payments before August 11, 2014, and secured by an agreed judgment of $300,000. He also requested that once the agreed $175,000 payment was made, the parties file a motion to dismiss all claims raised in the case with prejudice and the parties bear their own costs.

Two days before trial, on June 9, 2014, Harbuck's attorney sent an email stating, "With a few minor changes, I think we may have a deal. Please relay the following offer to your clients:

> 1. Your clients shall pay to my clients the sum of $175,000.00, which sum shall be delivered . . . on or before 5:00 CDST on July 11, 2014. . . .;

–2–

2.    The payment of the total sum of $175,000.00 shall be secured by an agreed judgment, against your clients and in favor of my clients, in the amount of $400,000 in the above referenced matter. The agreed judgment will be held in trust by me. The agreed judgment will also waive any arguments and/or defenses that your clients may have to the authentication and enforcement of said judgment in Utah and/or any other state, and/or other country;

3.    If the payments are made by your client in the amount, times and manner set out in this offer, I will return the agreed judgment to you, and the parties will execute a mutual nonsuit with prejudice of their claims and causes of actions in the lawsuit;

4.    However, if your clients fail to make the payment in the amount, time and manner set out in this offer, my clients, without further notice, shall be allowed to immediately have the judgment entered by the Court and shall be entitled to immediately begin collection on the judgment.

On June 10, Porter's attorney sent an email stating, "Your offer, as clarified by last email, has been accepted. Please advise when you announce settlement to the court. You get to prepare the first draft of the settlement agreement. We should be able to get signatures next week. Please call with questions."

Harbuck's counsel prepared settlement documents and sent them to Porter. According to Porter, Harbuck's settlement agreement and consent judgment were substantially different from the terms proposed in the email exchanges. Porter then made some changes to the proposed settlement agreement. Harbuck characterized these changes as "removal of much of the recitations contained in [Harbuck's] counsel's draft of the settlement agreement, which are not the terms of the settlement." Then, "other than adding 'jointly and severally,' changing 'nonsuit' to 'dismiss with prejudice,' changing 'arising out of the revenue sharing agreement' to 'any matter that could have been raised in the Litigation,' and changing when notice had to be given," Harbuck claimed Porter did not request any changes to the actual terms of the settlement agreement that would make the proposed settlement agreement "substantially different" from the terms agreed upon by the parties.

–3–

Harbuck incorporated some of the requested changes; however, Porter refused to sign the documents. When Harbuck did not receive $175,000 by July 11 at 5 pm, he informed Porter he would be filing a motion to enforce settlement. Porter responded with an email on July 14, which stated, "You cannot enforce what was not signed. Just set it for trial and proceed. Sorry for the failure." He followed up a few minutes later with another email stating, "Just so the record is clear, any agreement by our clients has been withdrawn."

Harbuck filed a motion to enforce settlement agreement and an amended motion to enforce. In the motions, Harbuck admitted Porter refused to sign the documents. Porter responded the making of a counteroffer to settle with different terms eliminated the existence of an agreement. He further attached the July 14 email showing consent had been withdrawn. The trial court granted Harbuck's motion to enforce. The trial court's final judgment ordered Porter to pay "$400,000, pursuant to the settlement agreement agreed to" by the parties. Porter appeals the final judgment.

**Discussion**

In his first issue, Porter argues the parties never entered into an enforceable settlement agreement because (1) it was not executed, (2) it was not accepted by Porter, and (3) Porter rejected Harbuck's offer by making counteroffers that significantly differed from Harbuck's proposed terms. Harbuck has not filed a responsive brief.

We begin by addressing Porter's argument that his changes to the proposed settlement agreement were material and therefore constituted a counteroffer rejecting Harbuck's proposed settlement. In his brief, Porter focuses on two changes he made to Harbuck's proposed settlement agreement, which indicate he did not agree to settlement: (1) he changed the proposed dismissal from nonsuit to a dismissal with prejudice with parties bearing their own costs, and (2)

he struck through facts that were admissions that he breached obligations, as the proposed language could constitute an admission for purposes of other claims.[1]

It is well settled that an acceptance must not change or qualify the terms of an offer, and if it does, the offer is rejected. *See United Concrete Pipe Corp. v. Spin-Line Co.*, 430 S.W.2d 360, 364 (Tex. 1968); *Insignia Capital Advisors, Inc. v. Stockbridge Corp.*, 05-99-01126-CV, 2000 WL 267495, at *2 (Tex. App.—Dallas Mar. 13, 2000, no pet.). Here, the revisions Porter sent to Harbuck changed the terms of Harbuck's offer and therefore could not be considered a mutually agreed upon settlement.

Harbuck argued in his amended motion to enforce settlement that "the only changes to the actual terms of the settlement agreement are purely semantic." We do not agree that Porter changing "nonsuit" to "dismiss with prejudice" is "purely semantic." When a party files a nonsuit or dismissal without prejudice, it terminates a case from the moment it is filed but res judicata does not bar relitigation of the same claims. *See Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). A party remains free to refile the same claims seeking the same relief. *Id*. However, a nonsuit or dismissal with prejudice "works a permanent, inalterable change in the parties' legal relationship to the defendant's benefit: the defendant can never again be sued by the plaintiff or its privies for claims arising out of the same subject matter." *Id*. at 868–69. Thus, a dismissal or nonsuit with prejudice it tantamount to a judgment on the merits. *Id*. at 868.

In the email exchanges between the parties, Harbuck's offers consistently included "mutual nonsuit with prejudice" of the claims; however, the proposed settlement agreement he sent to Porter removed the "with prejudice" and only said if payment was timely received the parties "shall move the Court to nonsuit Harbuck/Weinkauf's claims and causes of action against

---

[1] This included language that defendants used false pretenses, false representations and actual fraud to induce Harbuck to enter into a contract and wrongfully converted property belonging to plaintiffs.

Porter/Fredrickson in the Litigation." Porter returning the settlement agreement to Harbuck with "nonsuit" changed to "dismissal with prejudice" indicated a change to Harbuck's offer, which showed Porter's rejection of the offer and instead proposed a counteroffer.

Moreover, although Porter does not specifically cite to Texas Rule of Civil Procedure 11, which requires an agreement between parties be signed, he asserts the settlement agreement was never executed, which we interpret as a rule 11 challenge. *See* TEX. R. CIV. P. 11 (stating "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record"). It is well settled "a settlement agreement must comply with Rule 11 to be enforceable." *See Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995). Here, Harbuck's motion to enforce specifically admitted Porter refused to sign the prepared documents. Additionally, Porter sent an email telling Harbuck he could not enforce what was not signed. Thus, even if we concluded the parties agreed on the settlement terms and Porter's changes were "purely semantic," the record before us does not contain a signed settlement agreement between the parties as required by rule 11. Thus, we sustain Porter's first issue. Having resolved this issue in his favor, we need not address his second issue regarding the validity of a consent judgment. TEX. R. APP. P. 47.1.

Accordingly, the trial court erred by granting Harbuck's motion to enforce settlement and entering a final judgment. We reverse and remand to the trial court for further proceedings.

141429F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAVID PORTER AND STEVEN
FREDRICKSON, Appellants

No. 05-14-01429-CV  V.

CRAIG HARBUCK AND CAROL
WEINKAUF, Appellees

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-13-03485-B.
Opinion delivered by Justice Bridges.
Justices Francis and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants DAVID PORTER AND STEVEN FREDRICKSON recover their costs of this appeal from appellees CRAIG HARBUCK AND CAROL WEINKAUF.

Judgment entered November 12, 2015.