# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20495

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2020

Lyle W. Cayce
Clerk

MOTIS ENERGY, L.L.C.,

     Plaintiff - Appellant

v.

SWN PRODUCTION COMPANY, L.L.C.,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-962

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Motis Energy, L.L.C. ("Motis") appeals the district court's order granting SWN Production Company, L.L.C. ("SWN") attorneys' fees. For the reasons set forth below, we AFFIRM the district court's judgment.

## I. Background

In 2015, SWN and Motis Energy, a Division of Infinity Oilfield Services, LLC ("Motis-DI"), entered into a Commercial Oilfield Services

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20495

Agreement (the "Agreement"). The Agreement set the terms for services Motis-DI supplied to SWN at its drilling sites. The price terms for these services were contained in rate sheets.

In 2016, a dispute arose between Motis and SWN; Motis claimed that SWN had outstanding payments owed to Motis-DI based on the rate sheets. Later that year, Motis-DI assigned to Motis "all claims, demands, and cause or causes of action" that Motis-DI may have had against SWN. With this assignment of claims, Motis sued SWN in federal district court, alleging among other claims that SWN breached the Agreement. The jury found that although SWN failed to comply with the Agreement, SWN's failure was excused. The district court entered a take-nothing judgment in favor of SWN.

Following the take-nothing judgment, SWN moved for attorneys' fees, alleging that it was entitled to recover the fees under the Agreement. Motis responded, claiming that SWN had no contractual right to recover attorneys' fees from Motis because Motis was a nonparty to the Agreement. The district court granted SWN's motion in part,[1] finding that SWN was entitled to recover reasonable attorneys' fees as the prevailing party in a suit brought under the Agreement. Motis timely appealed the district court's grant of attorneys' fees to SWN.

## II.　Discussion

The sole issue on appeal is whether SWN was contractually entitled to recover attorneys' fees incurred in the underlying litigation from Motis. Motis argues that it was a nonparty to the Agreement and thus the attorneys' fees provision does not apply to it. Motis claims that although Motis-DI assigned a portion of the Agreement to Motis, that assignment did not subject Motis to the entirety of the Agreement.

---

[1] The court denied the full amount of SWN's requested attorneys' fees, awarding as reasonable a reduced amount.

No. 19-20495

Whether contract language permits an award of attorneys' fees is a question of law that we review de novo. *Offshore Drilling Co. v. Gulf Copper & Mfg. Corp.*, 604 F.3d 221, 227 (5th Cir. 2010). Texas substantive law applies in this diversity case. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, a prevailing party may recover "attorneys' fees 'only if specifically provided for by statute or contract.'" *Merritt Hawkins & Assocs. v. Gresham*, 861 F.3d 143, 155 (5th Cir. 2017) (quoting *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011)).

Texas law recognizes the doctrine of direct-benefits estoppel. *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 134–35 (Tex. 2005). Under this doctrine, a nonparty to a contract may be subject to the contract's terms if it "consistently and knowingly insists that others treat it as a party" subject to the contract.[2] *Id.* (footnotes omitted). Thus, if a nonparty to a contract "embrace[s]" the contract, the nonparty is subject to the contract's terms. *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 473 (5th Cir. 2010). Applying this doctrine, we have held that a nonparty can be subject to a contract's terms "by knowingly seeking and obtaining 'direct benefits' from that contract," "by seeking to enforce the terms of that contract," or by "asserting claims that must be determined by reference to that contract." *Id.*

Here, Motis is a nonparty to the Agreement. But Motis embraced the Agreement by seeking to enforce its terms. Motis's argument—that it did not embrace the entirety of the Agreement because it was assigned the right to Motis-DI's claims, not the entire contract—lacks merit.[3] When a plaintiff

---

[2] Motis argues that this doctrine applies only for the enforcement of forum selection and arbitration clauses. But Motis cites no support for this assertion. In *Shakeri v. ADT Security Services, Inc.*, for example, we applied this doctrine to nonparty tort claims under Texas law. 816 F.3d 283, 291 (5th Cir. 2016) (per curiam).

[3] Even if we assume arguendo that a party is subject to only those contractual terms it embraced, Motis's argument fails. Throughout the litigation, Motis "consistently and

sues to enforce a contract to which it was not a party, the Supreme Court of Texas has held, as have we, that the plaintiff subjects itself to the entirety of the contract terms. *E.g.*, *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 291 (5th Cir. 2016) (per curiam) (holding that because the plaintiffs asserted breach of contract claims under a contract they were not a party to, the plaintiffs were bound by the contract's terms); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 755–56 (Tex. 2001) (holding that by joining their parents' contract claim, the children "subjected themselves to the contract's terms" even though they never signed the agreement). Thus, the doctrine of direct-benefits estoppel prevents Motis from prevailing on its theory that, as a nonparty, it is not subject to the Agreement's attorneys' fees provision. Motis subjected itself to the attorneys' fees provision of the Agreement when it sued SWN to enforce the Agreement.

### III.    Conclusion

For the foregoing reasons, we AFFIRM the district court's grant of attorneys' fees to SWN.

---

knowingly" insisted that it could recover attorneys' fees under the Agreement. *See In re Weekley Homes*, 180 S.W.3d at 135 (footnotes omitted). Thus, even though Motis was assigned a limited portion of the Agreement, Motis, in seeking attorneys' fees under the Agreement, sought to "enforce the terms of that contract" provision and thereby became subject to at least the attorneys' fees provision of the Agreement. *See Noble Drilling*, 620 F.3d at 473.