

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00362-CV

CHAUDHARI PARTNERSHIP, APPELLANT

V.

AHFC PECAN PARK PSH NON-PROFIT CORPORATION
AND CITY OF AUSTIN, APPELLEES

On Appeal from the 480th District Court
Williamson County, Texas
Trial Court No. 22-0826-C368, Honorable Scott K. Field, Presiding

March 19, 2024

MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

*Prologue*

This appeal concerns the 1) acquisition of a hotel, 2) its conversion into housing for the homeless, 3) a restrictive covenant and plat notes allegedly barring use of the realty for residential purposes, 4) duplicate suits for declaratory relief, 5) intervention, 6)

---

[1] Because this matter was transferred from the Third Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

a plea to the jurisdiction founded on governmental immunity, and 7) dismissal based on the plea to the jurisdiction. Those acquiring the hotel and pursuing the housing project were the City of Austin and AHFC Pecan Park PSH Non-Profit Corporation (Austin). Those initiating duplicate suits were Chaudhari Partnership (an entity purportedly owning realty adjacent to the hotel) and Dee Hobbs, in his official capacity as Williamson County Attorney. The Partnership sued first. Yet, upon discovering that Hobbs filed a separate proceeding against Austin alleging like claims, the Partnership intervened in that proceeding and nonsuited "with prejudice" the action it initiated.

During the interim, Austin invoked governmental immunity and filed its plea to the jurisdiction of the trial court. The trial court convened a joint hearing to consider both the jurisdictional plea and motion for summary judgment filed by Hobbs and the Partnership. It granted the jurisdictional plea and dismissed the suit with prejudice. Only the Partnership appealed. The sole issue before us is whether the trial court erred in granting the jurisdictional plea. We affirm.

*Discussion*

The aforementioned hearing was bifurcated. The trial court first heard arguments regarding the plea to the jurisdiction. Austin began by voicing several reasons the plea should be granted. One consisted of the Partnership's failure to aver a claim after intervening into the Hobbs' action. According to Austin, the partnership's "live pleading doesn't assert any causes of action against anyone. It is a plea in the intervention that simply says they have an interest in the litigation that Hobbs has filed. They don't assert any specific claim for relief in that pleading, and they don't assert any specific causes of action."

Another potential ground concerned the effect of the Partnership's earlier nonsuit with prejudice of its own action. The trial court broached the topic with counsel for the Partnership while entertaining argument on the plea to the jurisdiction.

Ultimately, the trial court granted the plea to the jurisdiction and withheld ruling on the motions for summary judgment. Furthermore, its ensuing order dismissing the cause failed to specify the particular ground upon which it acted. The trial court's withholding mention of the ground upon which it acted affected the Partnership's burden on appeal. Simply put, the duty fell upon the latter to negate the viability of each potential ground. *See Carter v. Dallas City Plan Comm'n*, No. 05-20-00190-CV, 2021 Tex. App. LEXIS 1469, at *7-8 (Tex. App.—Dallas Mar. 1, 2021, pet. denied) (mem. op.) (involving a plea to the jurisdiction and concluding that "[b]ecause appellants have not challenged each independent, standalone ground on which the dismissal of their claims could properly have been based, we will affirm"). In urging us to reverse the trial court's decision, the Partnership failed to address the ground implicating the failure to aver a cause of action. That alone warrants affirmance of the dismissal, per *Carter*.

Nor did it discuss the impact of dismissing with prejudice its earlier suit. Though one may suggest the topic was actually a component of the motion for summary judgment, we reiterate that the trial court broached the issue when discussing the plea to the jurisdiction. It may have done so for a simple reason. Stating a facially valid cause of action is a component to defeating a claim of immunity. *See Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015) (holding that "immunity from suit is not waived if the constitutional claims are facially invalid"); *Nelson v. True Texas Project*, No. 07-23-00031-CV, ___ S.W.3d ___, ___, 2024 Tex. App. LEXIS 555, at *11-12 (Tex.

3

App.—Amarillo Jan. 25, 2024, no pet.) (noting same); *see also City of Crowley v. Ray*, 558 S.W.3d 335, 346 (Tex. App.—Fort Worth 2018, pet. denied) (stating that "[g]overnmental immunity is not waived when a plaintiff fails to allege a valid inverse-condemnation claim"). This becomes of import when one realizes that a nonsuit with prejudice effectively adjudicates the proceeding on the merits in a way adverse to the nonsuiting party. *See Epps v. Fowler*, 351 S.W.3d 862, 868-69 (Tex. 2011) (stating that a dismissal or nonsuit with prejudice is tantamount to a judgment on the merits working a permanent, inalterable change in the parties' legal relationship to the defendant's benefit, and the defendant can never again be sued by the plaintiff for claims arising out of the same subject matter).

That the Partnership's initial suit concerned the same subject matter as that of Hobbs cannot be doubted. Indeed, it acknowledged as much when representing to the trial court that the two proceedings had "significantly overlapping parties, issues and claims . . . ." Again, those issues and claims related to the impropriety of the housing project given restrictive covenants prohibiting residential use of the lands involved. Nor can it be denied that that the Partnership's claims were dismissed with prejudice due to the nonsuit with prejudice. Thus, per *Epps*, Austin could never again be sued by the Partnership for claims encompassed within the dismissed proceeding. Austin never again being subject to suit means the Partnership lacked a facially valid cause of action with which to defeat governmental immunity. That too requires affirmance.

We further note that the lynchpin of the Partnership's argument on appeal is the alleged proprietary nature of Austin's desire to house the homeless. Being proprietary, the effort supposedly falls outside the shield of immunity. While it may be that proprietary

4

endeavors by a governmental entity may not benefit from immunity, *see Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 436-37 (Tex. 2016) (stating as much), others have characterized the provision of public housing a governmental function. *See Moore v. Lorain Metro. Hous. Auth.,* 905 N.E.2d 606, 607 (Ohio 2009) (holding that the operation of a public housing authority providing public housing is a governmental function); *Evans v. Hous. Auth*., 602 S.E.2d 668, 672 (N.C. 2004) (holding the same); *see also Bullard v. Inkster Hous. & Redevelopment Comm'n*, No. 265095, 2007 Mich. App. LEXIS 763, at *8-9 (Mich. Ct. App. 2007) (per curium) (same); *accord Collin Cent. Appraisal Dist. v. Garland Hous. Fin. Corp*., No. 05-19-01417-CV, 2021 Tex. App. LEXIS 1260, at *7 (Tex. App.—Dallas Feb. 22, 2021, pet. denied) (mem. op.) (noting that nonprofits created by local governments to provide a means of residential ownership and development perform essential governmental functions on behalf of and for the general public, local government, and Texas). We see no reason to disagree at this juncture.

The sole issue of Chaudhari Partnership is overruled, and we affirm the trial court's order of dismissal with prejudice.


Brian Quinn
Chief Justice


5