

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00363-CV

**CHAMPION AC, LLC** D/B/A Mr. Plumbers,
Appellant

v.

**SAGRAY ENTERPRISES, INC.**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CI-00896
Honorable Elizabeth Martinez, Judge Presiding

PER CURIAM

Sitting:      Lori Massey Brissette, Justice
               Adrian A. Spears II, Justice
               H. Todd McCray, Justice

Delivered and Filed: September 17, 2025

DISMISSED FOR LACK OF JURISDICTION

On June 4, 2025, appellant Champion AC, LLC filed a notice of appeal, seeking to appeal the trial court's May 5, 2025 order granting cross-plaintiff Sagray Enterprises, Inc.'s motion for summary judgment. After reviewing the clerk's record, it appeared the May 5, 2025 order is interlocutory in that it only disposes of cross-plaintiff's claim against a co-defendant in the trial court.

A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Because the record does not contain an order disposing of plaintiff's claims, there is no final, appealable order. *See id.* Interlocutory orders may be appealed only if a specific statute authorizes it. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5) (providing for interlocutory appeal where trial court denies summary judgment that is based on assertion of immunity). We have found no statutory authority authorizing an interlocutory appeal from the type of summary judgment granted in this case where plaintiff's claims remain pending.

Because no final order or judgment has been entered in the underlying case, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. We admonished appellant that if a supplemental clerk's record was required to establish this court's jurisdiction, appellant was required to ask the trial court clerk to prepare one and notify the clerk of this court that such a request was made.

On September 2, 2025, appellant responded that "Plaintiff's claims were disposed of via Rule 11 agreement on April 2, 2025." Appellant attached nothing to the response to support this assertion, and it is not supported by the record. *See* TEX. R. APP. P. 10.2. Indeed, the clerk's record shows that on June 4, 2025, plaintiff—a non-party to this appeal—filed a *motion to dismiss* her claims, asking the trial court to enter an order dismissing her claims with prejudice. The record does not include any order granting such motion, and appellant has not notified this court that it was seeking a supplemental clerk's record containing any such order. *Cf.* TEX. R. CIV. P. 162 (providing plaintiff may file *notice of dismissal or nonsuit* at any time before introduction of all evidence other than rebuttal evidence); *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011) ("In

Texas, plaintiffs may *nonsuit* at any time before introducing all of their evidence other than rebuttal evidence" and "[n]o court order is required" (emphasis added) (citing TEX. R. CIV. P. 162)).

Accordingly, the record shows plaintiff's claims remain pending, and this appeal is dismissed for lack of jurisdiction.

PER CURIAM