**Opinion issued October 21, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-23-00947-CV

————————————

**CINCO RANCH VILLAGE SQUARE ASSOCIATION, LLC, Appellant**

**V.**

**ANRO LEASING, LLC, Appellee**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-35642**

---

## MEMORANDUM OPINION

Cinco Ranch Village Square Association, LLC (Cinco Ranch), filed this appeal from the trial court's summary judgment in favor of AnRo Leasing, LLC (AnRo). AnRo cross-appealed, complaining about the trial court's partial denial of its request for attorneys' fees.

## Background

Appellant/cross-appellee Cinco Ranch sued appellee/cross-appellant AnRo for declaratory relief to enforce its restriction and easement agreement for the Cinco Ranch Village Square development in Katy, Texas (the agreement), which Cinco Ranch claimed bound AnRo. AnRo moved for summary judgment and dismissal, arguing that AnRo was excluded from the obligations Cinco Ranch sought to enforce because of an amendment to the easement agreement at the time of AnRo's purchase of the property and that Cinco Ranch lacked standing to bring the lawsuit because Cinco Ranch was not a legally formed entity at the time of the agreement. Cinco Ranch moved for partial summary judgment and declaratory relief, arguing AnRo breached obligations under the agreement to submit its property development plans to Cinco Ranch and to provide an ingress-egress easement across a portion of AnRo's property. The trial court granted summary judgment in favor of AnRo on September 26, 2023.

Cinco Ranch moved for a new trial on October 25, 2023 and filed its notice of appeal on December 19, 2023.

AnRo filed its Opposed Motion for Attorneys' Fees on October 24, 2023. AnRo cited the pertinent provision of the agreement, which provides for attorney's fees for the prevailing party from the non-prevailing party in any dispute arising from "any legal action or proceeding to enforce or interpret any terms" of the

agreement. AnRo attached as exhibits to its motion the agreement, the order granting summary judgment to AnRo, the affidavit and curricula vitae of its attorneys, and an itemized invoice for the work performed and costs incurred defending the suit. In response, Cinco Ranch argued that AnRo could not recover attorney's fees based on the same agreement AnRo successfully claimed was unenforceable against AnRo.[1] Cinco Ranch also argued that AnRo had not met its burden to prove the attorney's fees claimed were reasonable and necessary. The trial court partially granted AnRo's motion on February 29, 2024, awarding trial attorney's fees but not appellate attorney's fees. AnRo filed its notice of cross-appeal on April 11, 2024 with leave of this Court.

Cinco Ranch's opening brief was due by March 22, 2024. The Court granted Cinco Ranch a requested extension to May 7, 2024. On May 20, 2024, the Court issued Cinco Ranch a late brief notice, noting that "[t]his appeal may be dismissed for want of prosecution unless (1) appellant files a motion to extend time that states the facts relied on to reasonably explain appellant's failure to timely file its brief and (2) the appellee is not significantly injured by appellant's failure to timely file

---

[1]     At the time that AnRo purchased the parcel in question, there was a pre-existing restriction and easement agreement. AnRo and Cinco Ranch's predecessor signed a "Second Amendment to Restriction and Easement Agreement" that modified the existing easement agreement to remove the provisions that Cinco Ranch sought to enforce in this suit. However, other provisions in the original Restriction and Easement Agreement and its First Amendment remained in force, including the attorney's fees provision.

3

appellant's brief." On May 21, 2024, Cinco Ranch filed a letter stating that it did not intend to file a brief.

On May 21, 2024, AnRo filed its opening brief in its cross-appeal. On June 4, 2024, counsel for Cinco Ranch moved to withdraw from representation, which request this Court granted on June 18, 2024. Cinco Ranch did not file a response to AnRo's opening brief in its cross-appeal.

### Cinco Ranch's Appeal of the Summary Judgment

An appellate court may dismiss an appeal or affirm the appealed judgment or order for want of prosecution of the appeal. TEX. R. APP. P. 42.3(b). If an appellant fails to comply with a requirement of the rules of appellate procedure, a court order, or a notice from the clerk requiring a response or other action within a specified time, an appellate court may dismiss an appeal or affirm the appealed judgment or order. *Id*. R. 42.3(c).

The Court issued a late-brief notice on May 20, 2024 stating that the appeal would be dismissed for want of prosecution if Cinco Ranch did not file a motion for extension of time in which to file its brief within ten days. The following day, May 21, 2024, counsel for Cinco Ranch filed a letter stating that counsel had "been advised by [Cinco Ranch] that [Cinco Ranch] does not intend to file a brief in this case." Counsel for Cinco Ranch indicated in the letter that he sent a copy to the principal of Cinco Ranch. To date, neither Cinco Ranch nor anyone on its behalf

has filed a motion for extension of time or a brief. As such, we dismiss Cinco Ranch's appeal for want of prosecution and failure to comply with a notice from the clerk. TEX. R. APP. P. 42.3(b), (c).

### AnRo's Cross-Appeal of the Partial Award of Attorney's Fees

On cross-appeal, AnRo argues that the trial court erred in partially denying its motion for attorney's fees by declining to award appellate attorney's fees. AnRo requested an award of attorney's fees based on the agreement's attorney's fee provision. The agreement provides that, in a suit to enforce or interpret the agreement, "the prevailing party in any such action or proceeding shall be entitled to recover from the non-prevailing party" its attorney's fees.

### A. The Standard of Review and Law Applicable to Contract Interpretation.

In general, whether a party is entitled to attorney's fees under an agreement is a question of law. *Hrdy v. Second St. Prop. LLC*, 649 S.W.3d 522, 560 (Tex. App.—Houston [1st Dist.] 2022, pet. denied). Our review of the trial court's ruling is de novo. *Id.*

When construing a contract, our primary concern is to ascertain the intentions of the parties as expressed in the document. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 514 (Tex. 2014). We begin our analysis with the language of the contract because it is the best representation of what the parties mutually intended. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's*

5

*London*, 327 S.W.3d 118, 126 (Tex. 2010). We give words and phrases their ordinary and generally accepted meaning unless the contract shows the words were meant in a technical or different sense. *Gilbert*, 327 S.W.3d at 126; *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994).

## B. AnRo is Entitled to Appellate Attorney's Fees.

Generally, in Texas, each party must pay its own attorney's fees. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 483 (Tex. 2019); *Ashford Partners, Ltd. v. ECO Res., Inc.*, 401 S.W.3d 35, 41 (Tex. 2012) ("As a general rule, litigants in Texas are responsible for their own attorney's fees and expenses in litigation."). However, fee-shifting can be authorized by statute or contract. *Rohrmoos Venture*, 578 S.W.3d at 484; *JCB, Inc. v. Horsburgh & Scott Co.*, 597 S.W.3d 481, 491 (Tex. 2019). The party seeking a fee award must prove that (1) the recovery of fees is legally authorized, and (2) the requested fees are reasonable and necessary. *Rohrmoos Venture*, 578 S.W.3d at 483; *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017) ("When fee-shifting is authorized, the party seeking to recover those fees bears the burden of establishing the fees are reasonable and necessary.").

Parties are free to contract for a fee-recovery standard that is "either looser or stricter" than that provided by statute. *Intercont'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009). Our primary concern in construing

such provisions is to ascertain the parties' true intent as expressed in the contract. *Epps*, 351 S.W.3d at 865 (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005)).

In this case, the agreement specified that:

> In the event that any Person initiates or defends any legal action or proceeding to enforce or interpret any terms of this Agreement, the prevailing party in any such action or proceeding shall be entitled to recover from the non-prevailing party in any such action or proceeding its reasonable costs and attorneys' fees (including its reasonable costs and attorneys' fees on any appeal). All such costs and attorneys' fees shall be deemed to have accrued on commencement of any legal action or proceeding and shall be enforceable whether or not such legal action or proceeding is prosecuted to judgment.

The agreement defined "Person" as "[i]ndividuals, partnerships, firms, associations, corporations, limited liability companies, trusts, governmental agencies, administrative tribunals[,] or any other form of business or legal entity." The contract therefore provides for the award of reasonable and necessary appellate attorneys' fees to the prevailing party, but without defining "prevailing party."

A defendant is a prevailing party with respect to contractual language entitling a prevailing party to attorney's fees when a plaintiff nonsuits a case with prejudice. *Epps v. Fowler*, 351 S.W.3d 862, 869 (Tex. 2011). In this case, Cinco Ranch has abandoned the direct appeal of a summary judgment entered in favor of AnRo, thus working "a permanent, inalterable change in the parties' legal

7

relationship" similar to a nonsuit with prejudice by ensuring the finality of the judgment without further appellate review. *See id.* at 868-69. Because this benefits AnRo, AnRo is the prevailing party in this appeal. *Id.* at 869. The parties appear to have intended this result in the agreement, which provides for enforcement of its attorney's fees provision "whether or not such legal action or proceeding is prosecuted to judgment."

In the trial court, AnRo's counsel provided an affidavit, curricula vitae for two lawyers handling the case, and her estimate of the attorneys' fees on appeal. Because AnRo is the prevailing party and therefore entitled to its appellate attorney's fees under the contract, we remand the case to the trial court for a determination as to the award of reasonable and necessary appellate attorney's fees.

## Conclusion

We dismiss Cinco Ranch's appeal. We reverse the trial court's order awarding attorney's fees for the trial level only and remand the case for a determination of an award of reasonable and necessary appellate attorney's fees.


       Amparo "Amy" Guerra
       Justice

Panel consists of Justices Guerra, Guiney, and Johnson.

8